(34 Misc. Rep. 199.)

## ROBINSON v. WAPPANS.

(Supreme Court, Appellate Term. February 25, 1901.)

WAREHOUSEMEN—STORAGE LIEN—SALE OF PROPERTY—VALIDITY—NOTICE TO OWNER.

Laws 1899, c. 369, requires a warehouseman to give notice to the owner of personal property before selling it in satisfaction of storage liens, and that the notice shall contain a statement of the nature of the debt, a description of the property and its estimated value, and the amount of the lien. *Held*, that where the notice did not comply with any of the requirements of the statute the sale was void, and the warehouseman was liable to the owner for the value of the goods.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Henrietta Robinson against Frederick Wappans. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Arthur W. Birkins, for appellant.

Herman W. Booth (Jesse N. Miller, of counsel), for respondent.

BLANCHARD, J. This is an appeal from a judgment of the municipal court, borough of Manhattan, Eleventh district, in favor of plaintiff for $169.15. The action was brought to recover $500 damages for certain household goods stored with defendant, and sold by him without notice to the plaintiff. The defendant admitted the storage of the goods, but denied they were worth $500, and alleged that after 17 months' storage was due he sold the goods, after advertising and proceeding in the manner described by statute, and realized $52.40. The evidence as to the value of the goods sold was not entirely satisfactory, but there is evidence to support the conclusion of the trial court, and the judgment should not be disturbed on that ground. The defendant made no attempt to prove compliance with the statute in respect of sales to satisfy his lien. Chapter 369 of the Laws of 1899, amending chapter 418 of the Laws of 1897 in relation to sales of personal property to satisfy liens, provides specifically that the lienor shall serve a notice upon the owner personally if he can by due diligence be found; otherwise, by mailing to him at his last known place of residence. Such notice

shall contain a statement as to the nature of the debt or the agreement under which the lien arose, with an itemized statement of the claim and the time when due, a brief description of the personal property against which the lien exists, its estimated value, and the amount of such lien at the date of notice. Such notice must be verified by the lienor, to the effect that the lien is valid, that the debt upon which the lien is founded is due and has not been paid, and that the facts stated in the notice are true, to the best of his knowledge and belief. After the time for the payment of the lien specified in said notice has expired, notice of sale shall be given, describing the property to be sold.

In none of the foregoing respects was the statute complied with, and it follows that the judgment must be affirmed, with costs. All concur.