(40 Misc. Rep. 666.)

### SAND v. ROSENAGEL.

(Supreme Court, Appellate Term. March, 1903.)

1. WAREHOUSEMAN—LIEN—SALE OF GOODS—NOTICE.
    Under Lien Law, § 73 (Laws 1897, p. 533, c. 418), giving a warehouseman a lien of goods stored, and sections 80–82, providing for sale of the goods to satisfy the lien, and that notice of the same shall be given to the owner, containing a statement of the nature and amount of the debt, and requiring the owner on a specified date, not less than 10 days from the service thereof, to pay the amount of the lien, etc., and requiring the sale to be advertised for two successive weeks, the fact that the warehouse receipt provided that the warehouseman might sell the property without notice if the owner did not pay the fee within 12 months, did not relieve the warehouseman of the necessity of giving notice by publication, and the failure to give such notice rendered the sale illegal.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Adolph Sand against John Rosenagel. From judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Louis Levene (Abraham B. Schleimer, of counsel), for appellant.

GILDERSLEEVE, J. There is a sharp conflict as to the facts in the case at bar. It is conceded, however, that plaintiff stored with

defendant certain chattels on April 4, 1900, for which defendant delivered a warehouse receipt, which provided that, "if at any time there shall be due and unpaid the storage fees for twelve months, then the proprietor of the storage rooms is authorized and empowered to sell at public auction a sufficient amount of the goods to pay the storage due at that time, without further notice." The plaintiff swears the value of the property so stored was $500; that at the expiration of a year from said 4th day of April, 1900, he called on defendant, asked for his goods, and offered to pay the amount of the storage due, but that defendant replied that he had sold the chattels, and offered plaintiff $3, as the surplus realized after the payment of the dues, which offer plaintiff refused, and made a formal demand for the return of his chattels; that he, plaintiff, never received any notice of an intention of defendant to sell the property; that he never authorized the sale, and, upon defendant's refusal to return the property, this action was brought. Defendant, on the other hand, swears that he moved part of the plaintiff's chattels to Coney Island, for which plaintiff agreed to pay him $10, but neglected to pay the same; that the rest of the chattels were stored with him by plaintiff on April 4, 1900; that nothing was paid thereon for storage; that at the expiration of a year he notified plaintiff to pay, or he would sell unless paid; that plaintiff called, and pleaded poverty, and defendant consented to wait a little longer; that he waited nearly three months, and again notified plaintiff that he would sell unless paid, and that, upon plaintiff's failure to pay, he advertised the goods for sale and sold them at public auction for $41; that, although plaintiff still owed him $5, he offered to give plaintiff $3 as a surplus after payment of the charges due. Upon the sharp dispute of testimony thus presented, the justice found for defendant.

We regard his decision as final, so far as the facts of the case are concerned. There remains, however, a question of law to be discussed. The defendant admits that the notice to plaintiff was a verbal one on one occasion, and a letter, sent by his servant, on another occasion, in which letter defendant "simply told him that his goods were run out, and asked him what he was going to do." Defendant also states that the sale was advertised in the New York Journal only, and in response to the question, "This advertisement was published how many times in the Journal?" he replied, "One week." He was then asked, "One whole week?" to which he replied, "Yes, sir." He states that in response to the said letter plaintiff came to see him. So far, therefore, as the notice of an intention to sell was concerned, the only notice that plaintiff received was a verbal one from defendant personally. The defendant does not state the date of the advertisement of sale in the New York Journal, nor show how near in point of time it came to the date of sale.

Section 73 of the Lien Law (Laws of 1897, p. 533, c. 418) provides that a warehouseman has a lien on the goods stored. Section 80 provides for a sale of the goods to satisfy the lien. Section 81 (Laws 1899, p. 793, c. 369) provides that notice of sale shall be given to the owner, which notice shall contain a statement of the following facts, viz.: (1) The nature of the debt or agreement under which the lien

arose, with an itemized statement of the claim and the time when due; (2) a brief description of the personal property against which the lien exists; (3) the estimated value of such property; (4) the amount of such lien at the date of the notice. It shall also require such owner, on or before a specified day, not less than 10 days from the service thereof, to pay the amount of such lien, and shall state the time when and place where such property will be sold if such amount is not paid. This notice shall be verified by the lienor to the effect that the lien upon such property is valid, that the debt upon which such lien is founded is due and has not been paid, and that the facts stated in such notice are true to the best of his knowledge and belief. Section 82 provides that the sale shall be advertised once a week for two successive weeks, and that such sale shall be held not less than 15 days from the first publication. It will be seen, therefore, that the testimony of defendant fails to show a compliance on his part with the requirements of the statute. It is true that the warehouse receipt provided that, if plaintiff did not pay the fees for 12 months, the defendant could sell the property at public auction without further notice. Even assuming that this can be construed as a waiver by plaintiff of notice to him, the fact remains that the warehouseman, by his own testimony, shows that the notice was not published "once a week for two successive weeks," but for "one whole week," which was not a strict compliance with the statute. Whether or not the sale was 15 days from the first publication of the advertisement does not appear, as we have already stated. The statute prescribes a certain method of procedure to be followed by a warehouseman in enforcing his lien by sale, and the latter cannot be relieved from the requirements of the statute by an arbitrary insertion in the warehouse receipt of a waiver of notice on the part of the owner. For the reasons above stated, the judgment must be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed, and new trial ordered, with costs to abide event. All concur.