# BAUM *v.* WM. KNABE & CO. MANUFACTURING COMPANY.

CONTRACTS; CONDITIONAL SALES; WAREHOUSEMEN.

1. Contracts of conditional sale whereby property in the goods sold is reserved in the vendor until the purchase price is paid are valid although unrecorded· except "as against third persons acquiring title to said property from said purchaser without notice of the terms of

sale." (Construing sec. 547, D. C. Code [31 Stat. at L. 1275, chap. 854]).

2. *Quære*—whether creditors of the vendee, in contracts of conditional sale, as well as purchasers from him without notice, are entitled to the benefit of sec. 547, D. C. Code.

3. The statutory right of a warehouseman to enforce, by the sale of goods stored with him, his lien for unpaid charges thereon, is a power uncoupled with an interest, and every prerequisite to the exercise of the power must precede its exercise in order to make such a sale valid.

4. A sale by a warehouseman of stored goods to enforce his lien for charges, made without giving thirty days' notice in writing to the owner, and without publication for six days in a daily newspaper, as required by sec. 1619, D. C. Code [31 Stat. at L. 1432, chap. 854], is absolutely void; and the purchaser of the goods at such a sale acquires no property in them as against the owner, or the party from whom the owner bought them under a contract of conditional sale.

No. 1988. Submitted March 16, 1909. Decided April 6, 1909.

HEARING on an appeal by the claimant of goods seized under a writ of replevin, from a judgment of the Supreme Court of the District of Columbia, directing a verdict for the plaintiff and against the claimant. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This case began in the justice's court.

The appellee, the Wm. Knabe & Co. Manufacturing Company, obtained a writ of replevin against one Charles R. Johnson for the recovery of a piano. The piano having been seized by the marshal, the appellants, Henry Baum and Charles Baum, trading as H. Baum & Son, gave notice of claim of title in accordance with sec. 33 of the Code [31 Stat. at L. 1194, chap. 854], and the trial of the right of property was had before the justice, as provided in said section.

The case was then taken by appeal to the supreme court of the District.

The appellants' evidence tended to show that the piano was

offered for sale at auction at the office of the Fidelity Storage Company on December 18, 1907, and purchased by the appellants for the sum of $120, which they paid, and possession of the piano was delivered to them. Thereafter the marshal seized the same on the writ of replevin issued in appellee's action against Johnson. It appeared from the cross-examination of the auctioneer, who testified to said sale on behalf of the claimants, that, by the direction of said storage company, he had inserted an advertisement in the Evening Star newspaper, describing the said piano, and announcing the intended public sale thereof on account of storage charges. The said notice was published twice in said newspaper. At the bottom of the publication appeared the following: "1907. Dec. 16. 2 t." It was admitted that one of the claimants attended said sale by reason of said notice, and made the purchase in the regular manner; and that he knew and understood that the words aforesaid accompanying said advertisement of sale meant that the advertisement was inserted in said newspaper on December 16, 1907, and on the evening following.

On behalf of the appellee evidence tended to show that the piano belonged to it, and had been part of its stock of merchandise. On November 26, 1906, the piano was delivered to one Charles R. Johnson under a contract of conditional sale. This contract was produced in evidence. It bore said date, and is in the usual form of said contracts. It cited the agreement to sell said piano to the said Johnson for the sum of $200, to be paid for in certain instalments thereafter. Johnson agreed to keep the piano upon certain premises, and not to remove the same therefrom without the consent of the vendor. The title was declared to remain in the vendor until the last instalment should be paid by Johnson. In default of payment of any instalment Johnson promised to return the piano, and authorized the vendor to take possession of it with or without legal process. Vendor agreed to execute a bill of sale passing title to Johnson when the purchase money shall have been fully paid.

This instrument had not been recorded, and claimants objected to its introduction, but were overruled.

The court, on motion of the appellee, directed a verdict for it. From the judgment thereon claimants have prosecuted this appeal.

*Mr. Milton Strasburger, Mr. Julius I. Peyser,* and *Mr. Charles W. Darr* for the appellants.

*Mr. J. A. Lynham* and *Mr. Charles L. Frailey* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Contracts of the kind proved in this case are valid, though unrecorded, except "as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale." Code, sec. 547 [31 Stat. at L. 1275, chap. 854].

Appellants had no dealings with, and made no purchase from, Johnson himself. If they have any right of property in the piano at all, it is by virtue of the sale of the same as his property, to pay the storage charges thereon.

In determining the validity of that sale, it is unnecessary to pass upon the question whether creditors of the vendee in a contract of conditional sale, as well as purchasers from him without notice, are entitled to the benefit of sec. 547. We may assume for the purposes of this case, without so deciding, that Johnson deposited the piano with the storage company, and was actually indebted to it for charges thereon, although there is no evidence that such was actually the case; and further, that the storage company, as a creditor of Johnson to the extent of such charges, was entitled to enforce a lien therefor, by sale, as against the right of appellee under the unrecorded conditional sale. Section 1619 of the Code [31 Stat. at L. 1432, chap. 854] gives warehousemen a lien for storage charges, and provides for its enforcement as follows: "Said lien for such unpaid charges upon at least one year's storage, and for the aforesaid advances in connection therewith, may be enforced by sale at public auc-

tion, after thirty days' notice in writing, mailed to the last known address of the person or persons in whose name or names the said property so in default was stored, and said notice shall also be published for six days in a daily newspaper in the District of Columbia."

The storage company acquired no title to the piano from Johnson, and was invested with no power of sale by him. All that it took from him was possession for safe-keeping; but the statute conferred a lien upon the piano for the storage charges that would accrue for such service, with summary power of enforcement of the same by sale upon compliance with certain conditions.

It was a mere statutory power, uncoupled with an interest, "and, in all such cases, the law requires that every prerequisite to the exercise of that power must precede its exercise; that the agent must pursue the power, or his act will not be sustained." *Williams* v. *Peyton,* 4 Wheat. 77, 79, 4 L. ed. 518, 519.

The title involved therein was acquired under a sale for taxes. It was further said in that case: "If the validity of a deed depends on an act *in pais,* the party claiming under that deed is as much bound to prove the performance of the act as he would be bound to prove any matter of record on which its validity might depend." See also *Ransom* v. *Williams,* 2 Wall. 313, 319, 17 L. ed. 803, 805; *Deputron* v. *Young,* 134 U. S. 241, 256, 33 L. ed. 923, 930, 10 Sup. Ct. Rep. 539.

The statute conferring the lien in cases like this prescribes two prerequisites to a sale for its enforcement; namely, thirty days' notice in writing to the depositor of the goods, and publication in a daily newspaper for six days. Neither of these prerequisites was complied with. There was no evidence whatever relating to notice to Johnson, and the proof showed publication in a daily newspaper for two days only instead of the six that were required. By reason of the failure to observe the statutory requirements, the sale was absolutely void. It passed no title or interest out of Johnson, and could not, therefore, affect any right which the appellee had under its contract with him. In the few cases that have come under our observation in

which titles acquired by purchase under similar statutes were involved, the sales were held void for failure to observe the prescribed procedure in respect of notice. *Jeffries* v. *Snyder,* 110 Iowa, 361, 365, 81 N. W. 678; *Robinson* v. *Wappans,* 34 Misc. 199, 68 N. Y. Supp. 815; *Sand* v. *Rosenagel,* 40 Misc. 666, 83 N. Y. Supp. 255.

There was no error in directing the verdict in this case, and the judgment must, therefore, be affirmed with costs.

*Affirmed.*