## L. FROOKS ENGINE CO. v. GREENSTEIN et al.

(City Court of New York, Trial Term. June 18, 1915.)

LIENS ⬤⟿19—ENFORCEMENT—NOTICE TO OWNER.

Lien Law (Consol. Laws, c. 33) § 201, requires the holder of a lien on personal property to serve on the owner a notice, stating the nature of the debt or agreement on which the lien is based, with an itemized statement of the claim and the time when due, also a description of the property, its estimated value, and the amount of the lien, and further requires that the notice shall demand payment on or before a date named, not less than 10 days from date of service, and shall state the time and place of sale on default in payment. Section 202 provides that, "after" the time of payment specified in the notice required by section 201, a notice of sale describing the property, stating the time and place of sale, and the name of the owner, shall be published once a week for 2 weeks, and that the sale shall be held not less than 15 days from the first publication. Held, that the notices required by the two sections cannot run concurrently.

[Ed. Note.—For other cases, see Liens, Cent. Dig. § 40; Dec. Dig. ⬤⟿19.]

Action by the L. Frooks Engine Company against Joseph Greenstein and another. On motion to set aside verdict for plaintiff and for dismissal of complaint. Granted.

Harris Koppelman, of New York City, for the motion.
S. Leighton Frooks, of New York City, opposed.

ZELLER, J. This is a motion to set aside a verdict rendered in favor of the plaintiff and for a dismissal of plaintiff's complaint. The action was brought to recover a deficiency on the sale of an automobile on a mechanic's lien, pursuant to sections 201 and 202, article 9, chapter 33, Consolidated Laws 1909, and chapter 38, Laws of 1909. To enforce its lien plaintiff, under section 201, gave the following notice:

"You are required to pay the said sum of $920, the amount of said lien, together with interest of $710 from August 1, 1911, and accrued disbursements herein, on or before April 14, 1913, and, unless paid, the said described automobile shall be sold at public auction on said April 14, 1913, at 10 a. m. o'clock at 255 Chrystie street, Manhattan borough, city, county, and state of New York. L. Frooks Engine Company,
"By Louis Frooks, President."

He gave the statutory time of at least 10 days, and for the same period concurrent with the time given in the foregoing notice he had also published and endeavored to comply, so far as the time limit required, with the statutory 15 days. I have expressed my opinion at the trial that the procedure of the plaintiff in enforcing this lien was not according to the statute. There can be no doubt that the word "after" means after the expiration of the time given under section 201, and that the defendants must be given at least 15 days thereafter, and that the notice must be published once a week for 2 consecutive weeks in a newspaper published in the town or city where the sale is to be held. There must also be a description of the property, the name of

the party against whom the lien is to be enforced, etc. This construction is upheld in Robinson v. Wappans, 34 Misc. Rep. 199, 68 N. Y. Supp. 815, where Judge Blanchard said:

"After the time for the payment of the lien specified in the said notice has expired, notice of sale shall be given describing the property to be sold," etc.

Without discussing the fact that under the law the defendant had the full day of the 14th day of April within which to pay the claim (the property having been advertised and sold at 10 o'clock a. m. of that day), and the strict construction of the statute in favor of the defendant, I hold that the plaintiff's sale under the statute was illegal and void.

The verdict must be set aside, and the complaint dismissed, with costs.