**STATE ex rel. KENDRICK v. AMARILLO TRANSFER & STORAGE CO., Inc., et al.**

No. 4585.

Court of Civil Appeals of Texas. Amarillo.

May 4, 1936.

Rehearing Denied May 25, 1936.

E. O. Northcutt, of Amarillo, for appellant.

Calhoun & Williams, of Amarillo, for appellees.

HALL, Chief Justice.

The appellant, Kendrick, sued the Amarillo Transfer & Storage Company, Inc., C. A. Reilly, individually, doing business under the name of Amarillo Transfer & Storage Company, and Republic Underwriters, to recover damages alleged to be due him on account of the alleged unlawful sale of goods stored by him with the Transfer & Storage Company, Inc., and C. A. Reilly as warehouseman, and against the Republic Underwriters as surety on the statutory bond of said warehouse corporation.

The Transfer & Storage Company sold the goods which had been stored by the appellant, endeavoring to comply with the provisions of Revised Statutes, art. 5644, for the purpose of collecting the charges due, which it is claimed were secured by its warehousemen's lien.

Appellant insists that the goods were wrongfully sold by appellees and without regard to the statutory requirements, that such illegal sale constituted a conversion of the property, and the damages claimed represent the alleged market value of the property at the time of its conversion. The appellant alleged a tender or payment of the warehousemen's charges and the failure of appellees to accept same.

The case was tried to a jury and submitted upon special issues. The third special issue, which is the principal battleground of this contest, is as follows:

"(a) Do you find, from the preponderance of the evidence, that the registered letter of April 27, 1933 was addressed to the plaintiff, Glen Kendrick, at the last place of business or abode of said Glen Kendrick known to C. A. Reilly?

"(b) Do you find, from the preponderance of the evidence, that the registered letter of April 27, 1933 was addressed to the plaintiff, Glen Kendrick, at the last place of business or abode of said Glen Kendrick known to Lucille Duke?

"(c) Do you find, from the preponderance of the evidence, that the registered letter of April 27, 1933 was addressed to the plaintiff, Glen Kendrick, at the last place of business or abode of said Glen Kendrick known to any person whose duty it was to keep the addresses of persons having goods or supplies stored with the Amarillo Transfer & Storage Company?"

These issues were all answered in the affirmative.

Based upon the answers to this and other issues, the court rendered judgment in favor of appellees, and taxed the costs against the appellant and the sureties on his cost bond.

The only contentions necessary to be considered are that the notice of the sale, and the sale itself, were not in compliance with the statute.

The record shows that the appellees endeavored to enforce their lien and satisfy the indebtedness which had accrued in the sum of $53.51 by proceeding under Re-

vised Statutes, title 93, chapter 4 (article 5612 et seq.), which is a part of the Uniform Warehouse Receipts Act. Article 5644 of Vernon's Annotated Civil Statutes provides the method by which a warehouseman may collect his claim and satisfy his lien by a sale of the property.

The statute authorizing a warehouseman to have and enforce a lien upon stored goods in order to collect his charges is a special and summary statute and in derogation of the common law, and, as in all other such cases, there must be strict compliance with the requirements of the act or the whole proceeding is void. Parker v. F. W. & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518; Clower v. Fannin-Lamar-Delta Counties Levee Imp. Dist. (Tex.Com.App.) 39 S.W.(2d) 831; Constitution, Bill of Rights, § 17; Wilbarger County v. Hall (Tex.Com.App.) 55 S.W.(2d) 797; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; 39 Tex.Jur. 348, § 36; Kampmann v. Cross (Tex.Civ.App.) 194 S.W. 437; Smith et al. v. Texas Co. (Tex.Com.App.) 53 S.W. (2d) 774.

That part of article 5644 applicable to the facts of this case is as follows: "The warehouseman shall give a written notice to the person on whose account the goods are .held. * * * Such notice shall be given * * * by registered letter addressed to the last known place of business or abode of the person to be notified."

Subdivision 3 of the article provides that: "The notice shall contain * * * a demand that the amount of the claim as stated in the notice, * * * shall be paid on or before a day mentioned, not less than ten days * * * from the time when the notice should reach its destination, according to the due course of post, if the notice is sent by mail."

On April 27, 1933, the Storage Company wrote and sent by registered mail, addressed to Glen Kendrick at Abilene, a letter, notifying him that, unless he paid the storage charges on the property which he had stored with it on the 23d day of December, 1931, "within ten days from and after April 27, 1933, the said property will be advertised for sale and sold at auction by us at our warehouse located at 601 Grant Street, in Amarillo. * * * Such sale, if necessary to be held, will be at the place above mentioned on and after the expiration of fifteen days from and after the expiration of the ten days allowed by this

notice for you to satisfy said storage charges. That is to say, that such sale will be held on May 27, 1933, after due advertisement as provided by law." The letter contains an itemized statement of the charges, aggregating $53.51. This notice was never delivered to appellant, but was returned in due time to appellee.

■ A sale under the Uniform Warehouse Receipts Law is governed by the provisions of that act. The lien given is in virtue of the statutory provision, and its enforcement must be strictly in accordance with the statutory requirements. As said in 37 C.J. 342, § 68: "The method or remedy for enforcing statutory liens is generally provided for by the statutes creating the liens, in which case the statutory remedy is ordinarily regarded as exclusive and must be pursued, although such a remedy may be merely permissive and not exclusive. Where the statutory remedy is pursued, all the provisions of the statute must be strictly complied with as to the form, time and manner of the enforcement."

■ The Uniform Warehouse Receipts Act as adopted in this state provides by article 5644 that the remedy for enforcing the lien herein provided does not preclude any other remedies allowed by law for the enforcement of a lien against personal property nor bar the right to recover so much of the warehouseman's claim as shall not be paid by the proceeds of the sale of the property. So it is optional with the plaintiff whether he proceeds under the statutory provision or endeavors to recover his damages under the common-law method, the rule being that, where a warehouseman has elected to proceed under said statute, he may not thereafter seek an equitable foreclosure of his lien, the statutory remedy being exclusive. 67 C.J. 556.

Section 232, Id., provides that, to be legal, a warehouseman's sale of stored goods to enforce his lien ordinarily should be made in accordance with applicable requirements of the statute.

Section 233, Id., provides: "Before selling goods to enforce his lien, a warehouseman should comply with provisions of applicable statute requiring notice of the proposed sale."

Section 235, Id., provides: "Statute requiring delivery of notice in person or by registered letter should be complied with."

In Baum v. Wm. Knabe & Co. Mfg. Co., 33 App.D.C. 237, it is said that: "The statutory right of a warehouseman to enforce, by the sale of goods stored with him, his lien for unpaid charges thereon, is a power uncoupled with an interest, and every prerequisite to the exercise of the power must precede its exercise in order to make such a sale valid."

In Jewett v. City Transfer & Storage Co., 128 Cal.App. 556, 18 P.(2d) 351, it is said that at common law a warehouseman had no direct personal remedy of selling the property for collection of charges, but was relegated to an action which, on recovery of judgment, carried with it the usual means of enforcement.

■ It will be noted that the letter of April 27th failed to comply with this requirement: "That the claim stated in the notice shall be paid on or before a day mentioned, not less than ten days from the time. * * *" In order to comply with that requirement, the notice should have mentioned the day of the month which, of course, could not be less than ten days from the time when the notice should have reached Abilene by due course of mail. The record shows that the letter mailed on April 27th reached Abilene the next day. This appears from the stamp of the Abilene post office, and the ten days must have been computed from and after April 28th; that is to say, April 28th must be excluded in making the computation. The effect of a proper notice would have given Kendrick the right to pay the charges on or before the 8th day of May following, and this date should have been specifically mentioned in the letter.

■ Because the appellees failed to comply strictly with the requirements of the statute, the sale is void.

The judgment is reversed, and the cause remanded.