JOHN MONTESANO, PLAINTIFF-RESPONDENT, v. LIBERTY WAREHOUSE COMPANY, A CORPORATION, AND LIBERTY MOVING AND STORAGE COMPANY, A CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.

Submitted May 27, 1938—Decided September 16, 1938.

For the plaintiff-respondent, *Lester J. Kramer.*

For the defendants-appellants, *Stein & Mandel (Louis Stein).*

The opinion of the court was delivered by

CASE, J. The two defendants have such relations that they may be considered for the purpose of this decision as one.

The question is whether the *Jersey Observer,* a newspaper, was, within the meaning of section 33, paragraph (d) of the Uniform Warehouse Receipts law, 4 *Comp. Stat., p.* 5777 (at *p.* 5782) (now to be found in *Rev. Stat.* (1937) 57:1-36(d)), published in the city of Union City, county of Hudson. The question arises upon the direction of verdict granted by the trial court against the defendants, leaving to the jury only the question of the amount of damages.

Plaintiff stored with the defendant, a warehouse company, certain goods and chattels. Upon default arising in the payment of the storage charges, defendant sold the goods. The statutory provision follows:

"* * * an advertisement of the sale * * * shall be published once a week for two consecutive weeks in a newspaper published in the place where such sale is to be held. The sale shall not be held less than fifteen days from the time of the first publication. If there is no newspaper published in such place, the advertisement shall be posted at least ten days before such sale in not less than six conspicuous places therein * * *."

An advertisement was inserted in the *Jersey Observer* and was concededly a compliance with the statute if that paper was published in the city of Union City where the sale was held; otherwise the advertisement did not conform to the statute and the directed verdict was properly granted. Admittedly there was a newspaper, the *Hudson Dispatch,* printed and published in Union City and an advertisement was placed therein; but this advertisement did not comply with the statute because the first publication was less than fifteen days before the sale.

The *Jersey Observer* is printed in the city of Hoboken, and its printing office is at least the main place of publication. A branch office is maintained in Union City to which some of the papers are dispatched and from there locally distributed. It is conceded that the printing is not done at the branch office, and it is also conceded that a newspaper may be published where it is not printed. It appears, however, that within the meaning of such statutes as that upon which we are now passing, the place of publication of a newspaper is where the paper is first put into circulation, where it is first issued to be delivered or sent, by mail or otherwise, to its subscribers. *People, ex rel. O'Connell* v. *Read (Ill.),* 100 *N. E. Rep.* 230; *State* v. *Bass (Me.),* 54 *Atl. Rep.* 1113. To give the word such a meaning as would bring within its application any newspaper circulating in a municipality would quite nullify the obvious intent of the legislation, for it is likely that there is no municipality in which newspapers from some source do not circulate, and we think that the maintenance of an office for convenience and expedition in effecting local distribution does not suffice to constitute pub-

lication. We are left with a very incomplete stipulation of the facts relating to the publishing incidents of the newspaper in question. But upon the record placed before us our conclusion is that the attributes of the office maintained in Union City and the characteristics of the distribution and circulation within that municipality were insufficient to constitute the statutory publishing. Our finding in this respect disposes of the appeal. The direction of verdict was proper.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.