## McGHEE v. ROBERSON.
### No. 14245.

Court of Civil Appeals of Texas. Dallas.
Sept. 22, 1950.

Irwin & Irwin, Ivan Irwin, all of Dallas;. for appellant.

Harvey Ford, Tom Howard and Geo. Allison, all of Dallas, for appellee.

BOND, Chief Justice.

The parties will be designated here as. in the court below. In 1944 the defendants George S. McGhee and T. M. Leyland;. d/b/a Dallas Storage & Warehouse Company, owned and operated a warehouse-storage business in the City of Dallas. In April of that year plaintiff E. F. Roberson, by his wife, entered into a storage contract with the Warehouse Company to store certain enumerated and described household. goods belonging to them. In accordance therewith, the plaintiff delivered the goods to the Warehouse Company and accepted the company's "non-negotiable warehouse. receipt" evidencing the contract between the parties. The contract-receipt enumerated the various items of household goods deposited in storage, recited the storage rate of $6.50 per month, and provided among other things: "All storage and other charges due and payable when goods are deposited * * *." The first month's. charge of $6.50 was paid by the plaintiff.

In July 1944, the defendant McGhee sold. to his partner T. M. Leyland and one R. C. Martin all his interest in the business. The purchasers took charge and thereafter operated the business at the same location, using the partnership name, and took over all goods in storage in the same manner as. before, including those of the plaintiff..

The consideration for the sale to Leyland and Martin was on deferred time basis, with reservation of lien. While operating the business, in June 1945, Leyland and Martin, because of failure of the plaintiff to pay accumulated storage charges since the first month's payment, (April 1944) attempted foreclosure of the statutory warehouseman's lien on plaintiff's goods, and by virtue thereof sold the goods under such foreclosure. Subsequently, defendant McGhee, through legal procedure, regained possession of the warehouse business perforce of his reserved lien, and, thereafter, (September 17, 1945) plaintiff presented to Mr. McGhee, or to his Company the warehouseman's receipt, offered payment of all storage charges in arrears, and demanded delivery of his goods. Mr. McGhee, in charge of the warehouse-storage company, was thus unable to make the return delivery of the goods.

The record reveals that Mr. Roberson being in the U. S. Armed Forces during this time, Mrs. Roberson who was acting for herself and husband was then living at 2729 Milton Street in the City of Dallas, and while there the defendant McGhee's employees in truck load picked up the furniture at that address.

When Mr. McGhee sold the business to Leyland and Martin he gave no notice of sale to Mr. or Mrs. Roberson, and the evidence is uncontroverted that they, or either of them did not know the business management and control of the warehouse had changed hands, and she had no notice of the foreclosure sale of her furniture.

On the basic facts above related, the plaintiff instituted this suit against the defendants George S. McGhee and T. M. Leyland for conversion of the furniture, based upon the sale of the warehouse-storage business, with their goods in storage, without giving the plaintiff notice of such sale, and, in the alternative, for damages resulting from the sale of their goods in the foreclosure proceedings without first giving them notice of such sale, as required by law in such matters. The value of the goods at the time of foreclosure is not materially in dispute. The suit was defended on the grounds: (1) That the plaintiff had first breached the warehouse-storage company's contract by failure to pay the monthly storage charges which was the sole efficient cause of any breach of the company to return the goods; (2) that the contract for storage was with the company and not with McGhee personally, as relates to his personal supervision, care, custody and control of the goods as would make the sale of the business to another a conversion of goods in storage, where the purchaser continued to operate and manage such storage and warehouse business in the same building and in the same manner as before; then too, the failure of the defendant McGhee to give notice of such sale to the plaintiff is not a breach of the bailor's statutory obligation to return the goods in absence of contract to give such notice; and (3) that the loss of the stored goods to the plaintiff occasioned by the foreclosure of the warehouseman's lien by Leyland and Martin, (subsequent purchasers) was not the natural and probable result of plaintiff's sale of the business.

The case was tried to a jury; and, on findings that the furniture in question at the time of the sale at foreclosure was in possession of Leyland and Martin, that the reasonable worth of the furniture to E. F. Roberson at date of sale (June 1945) was $1,500; that the reasonable replacement cost would have been $1,450, and that the Dallas Storage & Warehouse Company did not send registered letter to the last abode of Mr. and Mrs. E. F. Roberson during the spring of 1945 in reference to the furniture in question, the trial court entered a personal judgment against George S. McGhee and T. M. Leyland, jointly and severally, in the sum of $1,500, (being the value of the property as found by the jury) and $397, being six per cent interest from June 2, 1945 to date of the judgment)—total $1,897, with six per cent interest until paid; and in favor of McGhee over and against T. M. Leyland. From which judgment the defendant McGhee alone has appealed.

The verdict of the jury is not assailed. The appeal is presented on points of law. It is the law in this State, Uniform

Warehouse Receipts Act, Title 93, Chap. 4. Art. 5612 et seq., Vernon's Ann.Civ. Stat., that a warehouseman on receiving goods for storage is obligated "to exercise that degree of care in the safe-keeping of the goods entrusted to him, which a reasonably careful man would exercise in regard to similar goods of his own" (Art. 5614); he shall issue negotiable and non-negotiable receipts, "that the goods received will be delivered to the depositor, or to any other specified person, * * *" (Art. 5615); and, "* * * in the absence of some lawful excuse provided by this law, is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor, if such demand is accompanied with: 1. An offer to satisfy the warehouseman's lien. * * * In case the warehouseman refuses or fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal" (Art. 5619); and, "Where a warehouseman delivers the goods to one who is not in fact lawfully entitled to the possession of them, the warehouseman shall be liable as for conversion * * *" (Art. 5621). "A warehouseman * * * shall not be liable, * * * for any loss or injury to the goods which could not have been avoided by the exercise of such care" (Art. 5632). "* * * a warehouseman shall have a lien on goods deposited * * * for all lawful charges for storage and preservation of the goods; also for all lawful claims * * *" (Art. 5638). Such lien may be enforced on all goods deposited belonging to the person as debtor (Art. 5639). "* * * warehouseman * * * is entitled to all remedies allowed by law to a creditor against his debtor, for the collection from the depositor of all charges and advances * * *" (Art. 5643), by giving "a written notice to the person on whose account the goods are held * * *. Such notice shall be given by delivery in person or by registered letter addressed to the last known place of business or abode of the person to be notified" (Art. 5644). This uniform warehouse statute, supra, is a special and summary statute in derogation of common law, and must be strictly complied with. State ex rel. Kendrick v. Amarillo Transfer & Storage Company, Inc., et al., Tex.Civ.App., 94 S.W.2d 590.

In the case at bar, the defendants, McGhee and Leyland on receipt of the storage goods and the execution of the uniform warehouseman receipt, became the primary obligors for the safe return of plaintiff's furniture. The sale of the business without the knowledge or consent of the owner in no way lessens their obligation to return the goods upon demand and payment of all legal charges. The transfer of the business to Leyland and Martin imposed upon them the statutory liability for safe-keeping of the stored goods and any failure of duty so imposed carries with it their liability to the assignor McGhee, and to the owner of the goods. The evidence is conclusive that at the time plaintiff's household goods were delivered to the warehouse company, plaintiff's abode was at *2729* Milton, which place they were thus vacating, removing all furniture therefrom and taking up their future abode on Monticello Street, in the City of Dallas, where he and his wife resided at the time of the purported foreclosure sale of his household goods by Leyland and Martin. The assignees (Leyland and Martin) knew the change of plaintiff's abode from Milton Street to Monticello Street before the sale, but wholly neglected to give the plaintiff or his wife notice of such contemplated sale as required by the statute, supra; thus resulting in plaintiff's loss of his household furniture. Each of the defendants was liable to plaintiff for his damage as found by the jury.

The judgment of the court below is affirmed.