Aurora **FLORES** et vir, Appellants,

v.

**DIDEAR VAN & STORAGE COMPANY, INC., Appellee.**

**No. 740.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1972.

Howard & McDowell, Thomas D. McDowell, Corpus Christi, for appellants.

Allison, Maddin, White & Brin, James A. Smith, Corpus Christi, for appellee.

OPINION

NYE, Chief Justice.

This is a suit for conversion of personalty brought about by a wrongful foreclosure of a warehouseman's lien. Aurora Flores and her husband, Jesse Flores, Jr., sued Didear Van and Storage Company, Inc. for the value of their stored household goods and for exemplary damages. The case was tried to a jury. Based on the jury verdict, the trial court entered a take nothing judgment. Plaintiffs' motion for a judgment non obstante veredicto was not granted, hence this appeal.

On April 15, 1967 Jesse Flores, Jr. arranged with the defendant storage company to store his family's household goods for the duration of his military service. He executed a storage agreement, a warehouse receipt and an inventory of his household effects on that date. He listed his mother-in-law's address as his mailing address since he was renting his own residence while he was away. He stated that his mother-in-law, Mrs. Alaniz, would always know how to contact him. Flores was inducted into the service on April 21, 1967. Flores paid only the first monthly storage bill in the amount of $50.80. From April 21, 1967 to December 17, 1967, Flores was assigned to several posts in the United States for basic training and schooling. Mrs. Flores joined him for a nine week period in July and August. On December 17, 1967, Jesse Flores was sent to West Germany and in March of 1968 Mrs. Flores joined him there. In March of 1969 he and Mrs. Flores returned to the United States and Mr. Flores continued on to Vietnam for a one year tour of duty lasting until April 1970. He was then discharged from the Army.

In April and May of 1968, the Storage Company instituted statutory proceedings to foreclose its lien on the stored household goods, because of non-payment of storage fees. On May 18, 1968 the goods were sold at public auction.

In July 1969, about three months after returning from West Germany, Mrs. Flores went to the defendant's place of business to make a payment on the storage bill. She was told that their goods had been sold fourteen months previously for non-payment of storage costs. The Flores then brought suit against the storage company. They alleged that they stored their goods with appellee for a valuable consideration, that they made a demand for such goods, that defendant refused to deliver those goods (because they had wrongfully sold their goods) to their damage. Plaintiffs claimed both actual and exemplary damages.

During the course of trial, the plaintiffs proved their ownership, proved defendant's possession of the goods, proved that the defendant exercised dominion over those goods and proved that the defendant refused to surrender them on demand. The Flores thereby made out a prima facie case of conversion. See, 14 Tex.Jur.2d, Conversion, Sec. 79. It was then incumbent upon the defendant Storage Company to prove its right to the goods by a valid foreclosure of its warehouseman's lien.

The defendant Storage Company claimed that Sections 7.209 and 7.210, Bus. & C., V.T.C.A. gave them a statutory lien on the property and the authority for the enforcement of that lien by foreclosure because of non-payment of storage charges. Sec. 7.210, subdivision (a) Bus. & C., V.T.C.A., (Uniform Commercial Code, Documents of Title) states in part:

"Except as provided in Subsection (b), a warehouseman's lien may be enforced by public or private sale of the goods in block or in parcels, at any time or place

and on any terms which are commercially reasonable, after notifying all persons known to claim an interest in the goods. Such notification must include a statement of the amount due, the nature of the proposed sale and the time and place of any public sale. . . . "

Then specifically the Code provides in subdivision (b) that:

"A warehouseman's lien on goods other than goods stored by a merchant in the course of his business *may be enforced only as follows:*

(1) All persons known to claim an interest in the goods must be notified.

(2) The notification must be delivered in person or sent by registered or certified letter to the last known address of any person to be notified.

(3) *The notification must include* an itemized statement of the claim, a description of the goods subject to the lien, *a demand for payment within a specified time not less than ten days after receipt of the notification,* and a conspicuous statement that unless the claim is paid within that time the goods will be advertised for sale and sold by auction at a specified time and place.

(4) *The sale must conform to the terms of the notification."* (Emphasis supplied.)

The notice of sale dated April 15, 1968 stated:

"We hereby demand that the amount of such claim as above stated and of such further claims as shall accrue shall be paid on or before the *24th* day of *April* (no year mentioned). If such claim is not paid within the time specified the goods will be duly advertised for sale and sold by public auction at 1201 South Padre Island on *Sat.* the *18th* day of May 1968 . . . . " etc.

This notice was sent by the defendant by certified mail but was returned to the sender unopened.

There were four special issues submitted to the jury. They found that (1) Mrs. Alaniz received a notice of the letter, that (2) the value of the goods stored was $1220.00 and that (3) plaintiffs were not entitled to exemplary damages. No. 4, the amount of exemplary damages was not answered. The issue on appeal is whether the defendants had complied with the statutory notice under Section 7.210, Bus. & C., V.T.C.A., for the sale of plaintiffs' household effects.

■ Plaintiffs' first point is that there was no evidence that Mrs. Alaniz (the mother-in-law) saw the notice that indicated there was a certified mail awaiting her at the post office on or around April 18, 1968. The evidence at the trial was that a certified letter was sent by appellee to Flores at the Alaniz address on April 17, 1968; that it is post office procedure to leave a yellow slip of paper at the addressee's residence notifying him of attempted delivery; and that the letter was returned unopened, marked "unclaimed", to appellee on or about May 7, 1968. The jury found Mrs. Alaniz had notice of the attempted delivery and that the letter was awaiting her at the post office. The evidence sustains the jury finding.

Plaintiffs' second point is that the trial court erred in denying their motion for a judgment non obstante veredicto because the attempted notice was insufficient as a matter of law under Section 7.210, Bus. & C., V.T.C.A. The certified letter sent on April 17, 1968, contained a "Sale Notice" that would have informed Jesse Flores, Jr. that he had until April 24, (only *six* days after the earliest receipt possible) to pay the amount in arrears (considering the year to be 1968).

The record shows that during the trial, the plaintiffs' attorney had the defendant identify the notice letter which the defendant brought to Court in response to a subpoena. The letter was marked for identification as Exhibit 4. The record then showed that it was placed into evidence.

"Mr. McDowell: (plaintiffs' attorney) I see. We offer Plaintiffs' Exhibit 4 into evidence as Plaintiffs' Exhibit 4, Your Honor.

Mr. Arnett: (defendant's attorney) We have no objection and further to clear up any question about exactly what it says on there, I will stipulate that it was returned unclaimed. Is that satisfactory?

Mr. McDowell: (plaintiffs' attorney) Stipulation agreed.

The Court: If you will cease your questioning for just a moment and let him mark it into evidence."

■ Although the specific letter (enclosed in the envelope) was not introduced into evidence, the parties treated the letter as such. We hold that the letter and its contents was properly admitted into evidence.

■ A warehouseman has no personal remedy for selling property for collection of charges at common law. His remedy lies by foreclosure as is provided by statutory law. The enforcement of such lien under summary foreclosure procedures, must be accomplished in strict compliance with the terms of the statute upon which such power is granted. Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070 (1917); Fireman's Fund Insurance Company v. Wilson, 284 S.W. 920 (Tex.Comm'n App. Sec. A, 1926). The letter notifying Flores of the impending sale failed to comply with the requirement of the code which says that ten days notice *"must"* be given to the owner within which time he could pay for the goods. Since the notice was dated April 15, 1968, it would have been impossible to have given the plaintiffs the time specified by law by requiring them to pay "on or before the 24th day of April." Because the defendant failed to comply with the requirements of the statute, the sale is void. State ex rel Kendrick v. Amarillo Transfer & Storage Co., 94 S. W.2d 590 (Tex.Civ.App.—Amarillo 1936, writ ref'd).

The plaintiffs pled and proved that the property was theirs; that it was placed into defendant's hands; that it was converted to defendant's use by a sale; and that the property had a specific value. This entitled them to a judgment. Defensively it was incumbent on the storage company in order to escape liability for conversion, to prove a valid sale under Section 7.210. The notice was defective as a matter of law. The defendant did not prove a valid sale and therefore is liable for the conversion of plaintiffs' property.

■ The judgment of the trial court is reversed. Judgment is rendered awarding appellants damages in the amount of $1220.00. Rule 434, Texas Rules of Civil Procedure. Interest is assessed at the rate of six percent per annum from the date of conversion (date of sale May 18, 1968). 17 Tex.Jur.2d, Damages, §§ 24, 25, 28 and cases cited thereunder.

Reversed and rendered.

SHARPE, Justice (concurring).

I concur in the result.