190 N.J. Super. 71 (1983)
461 A.2d 1203
PETER HUGHES AND PAULINE HUGHES, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
ACCREDITED MOVERS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1983.
Decided June 14, 1983.
*72 Before Judges BOTTER, POLOW and BRODY.
Richard K. Sacks argued the cause for appellants (Sharkey and Sacks, attorneys; Richard K. Sacks on the brief).
Thomas E. Maxim argued the cause for respondent (Louis A. Chiarolanza, attorney; Thomas E. Maxim on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
N.J.S.A. 12A:7-210(2) lays down the requirements for conducting a warehouseman's lien sale of goods other than goods stored by a merchant in the course of his business. At issue on appeal is the validity of defendant warehouseman's sale of plaintiffs' household belongings conducted in substantial but not literal compliance with the statute.
In June 1976 plaintiffs stored their household goods, insured in the amount of $12,150, with defendant's business predecessor. Defendant sent plaintiffs the following letter dated April 3, 1980:

*73 Per your phone conversation with Ansel Spada [defendant's executive vice president] on this date we will be expecting payment of $5,500.00 on April 8, 1980 or your household goods will be placed for sale on April 12, 1980.
Please be advised that your current storage bill is now $6,316.88.
The expected payment was not made and defendant sold the goods on April 12 for about $5,200. Prior to sale, defendant ran a newspaper display advertisement on April 6 and 11 announcing that it would be selling home furnishings at a warehouseman's lien sale on April 12 at defendant's address in Parsippany.
N.J.S.A. 12A:7-210(2) reads as follows:
(2) A warehouseman's lien on goods other than goods stored by a merchant in the course of his business may be enforced only as follows:
(a) All persons known to claim an interest in the goods must be notified.
(b) The notification must be delivered in person or sent by registered letter to the last known address of any person to be notified.
(c) The notification must include an itemized statement of the claim, a description of the goods subject to the lien, a demand for payment within a specified time not less than ten days after receipt of the notification, and a conspicuous statement that unless the claim is paid within that time the goods will be advertised for sale and sold by auction at a specified time and place.
(d) The sale must conform to the terms of the notification.
(e) The sale must be held at the nearest suitable place to that where the goods are held or stored.
(f) After the expiration of the time given in the notification, an advertisement of the sale must be published once a week for two weeks consecutively in a newspaper of general circulation where the sale is to be held. The advertisement must include a description of the goods, the name of the person on whose account they are being held, and the time and place of the sale. The sale must take place at least fifteen days after the first publication. If there is no newspaper of general circulation where the sale is to be held, the advertisement must be posted at least ten days before the sale in not less than six conspicuous places in the neighborhood of the proposed sale.
The notice to plaintiffs and the newspaper advertisement fell far short of literal compliance with the statutory requirements but the trial judge found that there was substantial compliance because "in every respect the plaintiff was fully and completely aware of what was to occur and what his rights were with respect to the avoidance of that sale." The judge made reference to the numerous times defendant had been indulgent in forebearing enforcement of the debt including the last-minute *74 cancellation of a sale that had been scheduled for January 12, 1980 at defendant's Freehold premises.[1]
Courts generally insist on literal compliance with the statutory requirements of a warehouseman's lien sale. In Montesano v. Liberty Warehouse Co., 121 N.J.L. 124, 128 (E. & A. 1938), the court invalidated a sale conducted under the Uniform Warehouse Receipts Act because contrary to the provisions of that act the advertisement appeared in a newspaper not published in the "place of sale" though circulated there. There is no New Jersey case since adoption of the Uniform Commercial Code, but strict compliance has been the rule elsewhere in light of § 7-210(2)'s mandatory language that the lien "may be enforced only as follows...." Flores v. Didear Van & Storage Company, Inc., 489 S.W.2d 406, 408 (Tex.Civ.App. 1972); Kellenberger v. Bob Meyers Moving & Storage, 595 P.2d 1229, 1231 (Okl.Ct.App. 1979); Poole v. Christian, 64 Ohio Misc. 32, 411 N.E.2d 513 (Ham.Cty.Mun.Ct. 1980); and Scott v. Hurd-Corrigan Moving & Storage Co., 103 Mich. App. 322, 331, 302 N.W.2d 867, 871, 873 (Mich. Ct. App. 1981). "... [N]onvariable rules prevent storers ... from overreaching their customers and from discriminating between them." Scott, supra, at 873.
The judge's finding that plaintiffs were not prejudiced by the inadequate notice to them is not relevant. In Flores, supra, the court invalidated a sale because the notice gave the bailors less than 10 days to pay even though a proper notice would have been futile because they were out of the country. See also Rubin v. City Nat. Bank & Trust Co., 81 Ill. App.3d 1020, 1024, 37 Ill.Dec. 391, 393, 402 N.E.2d 281, 283 (Ill. App.Ct. 1980). Furthermore, the judge did not consider that defendant's first advertisement ran only six days before the sale contrary to the statutory requirement of "at least 15 days." The statutory requirements are intended not only to insure the bailor a full opportunity to *75 redeem but also to insure a fair sale price by giving adequate notice to interested purchasers. See Bradford v. Muinzer, 498 F. Supp. 1384, 1388 (N.D.Ill. 1980).
Defendant contends that the April sale was a continuation of the January sale. Assuming that the January sale was in compliance, there is no evidence of an announcement at the January sale in Freehold that plaintiffs' goods, withdrawn from that sale, would be sold in Parsippany on April 12.
Reversed and remanded for trial to determine value of goods at time of sale and for entry of an appropriate judgment after applying that amount to defendant's lien. N.J.S.A. 12A:7-210(9).
NOTES
[1] Defendant failed to comply literally with the statute on that occasion by running its advertisements before plaintiffs' time for payment had expired.