Mary Bogdan, Plaintiff-Appellant, v. Henry B. Ausema and George Kooinga, d/b/a Chesterfield Awning Co., Defendants-Appellees.

Gen. No. 48,373.

First District, First Division.

January 8, 1962.

Korshak and Rothman, of Chicago (John P. Loughnane and Thomas J. Finnegan, of counsel), for appellant.

Ben G. Ottenhoff, of Chicago, for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff filed suit in the Municipal Court to recover on a promissory note executed by defendants. When plaintiff's motion for summary judgment was denied she elected to stand on her motion and refused to proceed with the case. The trial court dismissed the suit at plaintiff's cost and this appeal followed.

It appears from the pleadings and affidavits filed by the parties that plaintiff's late husband, Joseph Bogdan, sold the business he conducted under the name of Chesterfield Awning Company to defendants, Henry B. Ausema and George Kooinga, for $3,500. The purchase and sale contract entered into between the parties on October 3, 1958, provided in part that defendants pay $1,500 in cash at the time of closing and execute a note to Bogdan in the amount of $2,-000 for the balance, payable one year after date without interest. Among the undertakings of the seller recited in the Agreement were the following:

> 6. It is understood and agreed that if said business is subject to Illinois sales tax, then a portion

of the purchase price shall be held in escrow until a release is secured from the Department of Revenue of the State of Illinois.

8. As a part of the consideration herein, and, for delivery to him of promissory note hereinbefore mentioned, party of the first part agrees that he will work for said second parties and teach and train them in the operation of said business for a period of one year from October 1, 1958, without further remuneration to him.

In a "Rider to Agreement Dated October 3, 1958," appeared the following provisions:

It is further agreed that first party will let second parties in possession of the premises at 368 East 69th Street, Chicago, Illinois, until May 1, 1959, rent free.

It is further agreed that if there shall be a sales tax assessment charge against first party, but which is required to be paid by second party, then said amount so paid shall be deducted from the balance of Two Thousand ($2,000) Dollars, as herein provided.

The note, no part of which has been paid, was executed and delivered to plaintiff and her husband as joint tenants with right of survivorship and not as tenants in common. Plaintiff, as the sole owner and holder of the note by reason of her husband's death,* sought a judgment in the amount of $2,000, together with interest from and after maturity at the statutory rate.

In their answer and affidavit in opposition to plaintiff's request for summary judgment defendants averred the following grounds for partial failure of consideration or setoff: (1) the provision for one

---

* Joseph Bogdan died on October 10, 1958.

year's training and services was unfulfilled because of Joseph Bogdan's death; (2) the rent-free occupancy clause was breached by plaintiff's demand that defendants vacate the premises; and (3) there is currently a sales tax assessment against the company in the amount of $1,000. Attached to the affidavit was a copy of a letter from the Department of Revenue claiming a lien against the goods, wares and merchandise purchased from Joseph Bogdan in the amount of $793.64.

Plaintiff contends that the affirmative matters alleged by defendants do not constitute a valid defense on the note. Plaintiff argues that the consideration for the note was the transfer of her late husband's awning business, and not his promises to perform future acts as recited in the Agreement and Rider; and secondly, that even if the promises constituted the consideration for the note, failure to perform them did not cause a failure of consideration on the note.

■ ■ We think that plaintiff's first contention is untenable. It is quite clear from the record that the note, agreement and rider were executed contemporaneously by the parties to the agreement as a part of the same transaction, and that the note represented deferred payment of a portion of the purchase price stipulated in the contract. Under these circumstances the documents must be construed together as forming but one contract. (Bailey v. Cromwell, 4 Ill 71; Kraft v. Hora, 159 Ill App 363.) "When there is a contemporaneous written contract affecting the terms of a note, it is to be construed together with the note in so far as each may be given effect, and there is no repugnancy between them. Any lawful condition annexed to a note by a collateral written agreement may be recognized and enforced as between the original parties." (Old Second Nat'l Bank of Aurora v. Wright, 280 Ill App 73, 77.) Any defenses, therefore, which defendants could assert in an action

upon the contract itself are equally available in an action solely upon the note.

Plaintiff's second contention, in essence, is that the promises themselves constituted the consideration for the note and not the performance of those promises. This proposition is supported by a line of cases beginning with Gage v. Lewis, 68 Ill 604. In that case it was held that plaintiff's agreement to retire and forever refrain from competing with defendant's business was a promise to perform a future act and the failure to perform did not cause a failure of consideration on the bond executed in return for the promise. In Smysor v. Glasscock, 256 Ill App 29, in connection with the leasing of pasture lands, plaintiff-lessor agreed to repair and rebuild fences surrounding the land, in return for which defendant gave plaintiff the note in question. The court held that plaintiff's failure to rebuild and repair the fences did not constitute a failure of consideration on the note. Upon the authority of the Gage decision the court concluded, at page 32:

> Where the consideration of a promissory note is the promise of the payee to perform a certain act in the future, the consideration does not fail because it is the promise to perform and not the performance which constitutes the real consideration. Stellwagen v. Schmidt, 234 Ill App 325, and cases cited; Woodlawn Security Finance Corp. v. Doyle, 252 Ill App 68.

In accord with this view is the decision in Conour v. Zimmerly, 290 Ill App 546, 9 NE2d 61.

█ The cases above cited are not determinative of the question before us. Those cases involved defenses comprised entirely of promises to perform future acts. The case at bar does not. The provision in the rider which allowed a deduction from the amount due on the note for sales taxes required to be paid

by defendants supplied the basis for one of the defenses asserted on the note. It is apparent that this defense is in the nature of recoupment. "In recoupment, both the cause of action in the plaintiff and the right to recoup in the defendant grow out of the same subject-matter and are correlative." (Dietrich v. Ely, 63 Fed 413, 414.) "Recoupment is in the nature of a cross-action, where defendant alleges that he has been injured by a breach by plaintiff of another part of the contract on which the action is founded, and unliquidated damages may be so recouped." (Luther v. Mathis, 211 Ill App 596, 601.) As a right to reduce or defeat plaintiff's claim arising out of the same transaction, recoupment is a defense which can be raised in an action on a promissory note. Kingman v. Draper, 14 Ill App 577.

■ ■ Defendants' averment concerning a tax lien thus raised a defense which could validly be asserted on the note. Bogdan agreed to hold in escrow a portion of the purchase price if the business was subject to an Illinois Sales Tax. This was never done, perhaps, because of his death within a week after the business was sold. The parties considered the possibility of a sales tax lien in their agreement and intended that Bogdan should deduct from the amount due on the note the amount of such a lien. Plaintiff, having acquired the note as surviving joint tenant, is in no better position than was her deceased husband.

■ Since defendants averred certain matters which raise a valid defense on the note, their other defenses of partial failure of consideration—which might not otherwise be asserted because they involve promises to perform future acts—may also be raised against the note. The Gage and subsequent decisions

300

do not deny that the breach of the promises to perform future acts would give rise to a separate action for damages. Those cases merely sought to preserve the validity of notes where no other defenses were raised. In the case at bar, since the note is subjected to a defense in the nature of recoupment, the reason to protect it from defenses concerning the performance of future acts has disappeared.

■ It is our conclusion, therefore, that defendants' allegations concerning the tax lien, the loss of Bogdan's training and services, and rent-free possession of the premises raised defenses which, if proved, would prevent full recovery on the note. There were questions to be determined by the trier of fact. "Where a defense raising an issue of fact as to plaintiff's right to recover is set up, a summary judgment must be denied." (Diversey Liquidating Corp. v. Neunkirchen, 370 Ill 523, 527, 19 NE2d 363.) The action of the trial court was therefore proper.

■ Plaintiff, by her action in the trial court, caused a final judgment to be entered for defendants. For the reasons stated herein, that judgment is affirmed.

Affirmed.

MURPHY, P. J. and ENGLISH, J., concur.