SHIRLEY MAE LYONS, Plaintiff-Counterdefendant, Appellee, *v.* HARRY F. LYONS, Defendant-Counterplaintiff, Appellant.

(No. 71-73;

Fifth District—July 21, 1972.

Walker and Williams, of Belleville, (David B. Stutsman, of counsel,) for appellant.

Arthur F. Wendler, of Troy, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This case involves a cognovit promissory note. On November 6, 1969, Shirley Mae Lyons, hereinafter called the plaintiff, took a default judgment by confession against Harry F. Lyons, hereinafter called the defendant. The defendant had no knowledge of the suit or judgment.

The defendant subsequently learned of the lawsuit and the judgment

when the plaintiff served a garnishment on the St. Louis Union Trust Company on July 23, 1970. This garnishment and subsequent garnishment on the Trust Company were upon motion of the garnishee St. Louis Union Trust dismissed by the court.

The defendant, on September 29, 1970, filed his "Motion to Open Judgment by Confession". This motion was denied on an *ex parte* appearance by the plaintiff on October 8, 1970. The defendant next filed, on October 13, 1970, a motion to set aside the order denying his motion to open the judgment by confession. This motion was allowed by the court on October 29, 1970.

On December 7, 1970, the defendant filed a verified answer to the complaint denying that the plaintiff was entitled to a judgment on the note and a verified counterclaim for $5,000 against the plaintiff. Also, on December 7, 1970, the plaintiff filed a verified reply to the defendant's answer and a verified answer to the defendant's counterclaim. The plaintiff also, at the same time, filed a motion for summary judgment. The defendant filed an answer to the motion for summary judgment. The motion for summary judgment was allowed on January 7, 1971, in favor of the plaintiff and from this judgment the defendant has brought this appeal.

There has been no testimony in this case. No affidavits were filed either in support of or against the motion. Both the motion for summary judgment and the answer thereto incorporated prior pleadings and affidavits.

■■ The rule with regard to summary judgments may be succinctly stated:

"Where a defense raising an issue of fact as to plaintiff's right to recover is set up, a summary judgment must be denied." *Bogdan v. Ausema*, 33 Ill.App.2d 294, 179 N.E.2d 401.

There appears to be a dispute as to facts surrounding this promissory note. The pleadings and affidavits indicate that there was a promissory note in the face amount of $3,325 executed November 9, 1959. There is no due date and no interest rate contained in the note.

■■ The plaintiff asserts via her pleadings and affidavits that the note was to be due when the defendant sold a certain house in Missouri and that the house had been sold, which defendant denied. The defendant in pleadings asserts that the note was to be due upon demand but that judgment was not to be taken until a certain diamond ring which was in the possession of the plaintiff was sold and the proceeds from the sale credited towards the amount due on the note, which plaintiff has denied. The plaintiff admits the possession of the ring but asserts that it was a gift from the defendant, which is denied by defendant.

694

The facts of when and under what circumstances the note would be due presented to the court below issues of fact that are in dispute and thus this cause is not appropriate for summary judgment. *Borgeson v. Fairhaven Christian Home*, 1 Ill.App.3d 323, 272 N.E.2d 436.

The cause is remanded for a trial on the merits.

Reversed and remanded.

G. MORAN, P. J., and CREBS, J., concur.