PHILLIP HILL, Plaintiff-Appellee, v. RICHARD J. DALEY, Mayor of the City of Chicago et al., Defendants-Appellants.

(No. 61023;

First District (5th Division)—April 25, 1975.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert Retke, Assistant Corporation Counsel, of counsel), for appellants.

William C. Starke, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order reinstating plaintiff, a suspended Chicago police officer, and restoring him to duty while charges were pending before the police board seeking his discharge.

Plaintiff was arrested and charged by complaint with (1) the possession of marijuana, in violation of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 705); (2) the possession of robetusin, in violation of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402); and (3) the improper use of the vehicle license plates of another, in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 3—703.) Thereafter, on preliminary hearing, plaintiff's motion to quash the arrest and suppress the evidence was sustained, and there was a finding of no probable cause. An appeal has been taken therefrom which remains pending.

Plaintiff then brought this suit, in which he alleges that on the day following his arrest, the superintendent of police suspended him and filed charges with the Police Board, seeking his permanent discharge, and that "on information and belief" his suspension was based "solely and only" on the filing of the criminal charges against him, and that his due process and equal protection rights were violated, because (1) the mere pendency of criminal charges against him was not cause for suspension, since the superintendent did not suspend other named officers against whom criminal charges have been placed; and (2) that any cause which may have existed was dissipated by the criminal court's finding of no probable cause. He prayed for (1) an injunction prohibiting the hearing by the Police Board of any charges seeking his discharge; and (2) his

reinstatement as a police officer. Defendants moved to strike and dismiss, contending the court lacked jurisdiction and that the complaint failed to state a cause of action.

Before there was a ruling on this motion, plaintiff notified defendants he would move "for temporary relief until such time as disposition of charges pending before the police board * * * are made." There is nothing in his notice of motion or in the record to indicate the nature of the relief desired. Thereafter, a hearing was held and, on the pleadings and arguments, the court ordered plaintiff reinstated and restored to duty "until such time as a disposition is had on the charges pending before the police board * * *." Subsequently, an order was entered denying the stay of the restoration, and defendants have appealed both orders. During the pendency of the appeal, this court granted a stay of the restoration order.

OPINION

In their brief, defendants state the issue presented for review as follows: "Whether the Superintendent of Police is required to retain in service, pending disposition of charges seeking his discharge, a police officer whom the superintendent believes to be unfit." Plaintiff, in his brief, however, admits the power to suspend prior to the removal hearing but argues that this power may be exercised only for cause, which he maintains is lacking here.

■■ We initially note that the trial court's jurisdiction was contested in defendant's motion to strike and dismiss, and that there was no ruling on this motion prior to the entry of the restoration order. Jurisdiction over subject matter cannot be conferred by waiver (*Klaren v. Board of Fire & Police Commissioners*, 99 Ill.App.2d 356, 240 N.E.2d 535) and may be raised at any time, even on appeal. (*Werner v. Illinois Central R.R. Co.*, 379 Ill. 559, 42 N.E.2d 82.) As stated in *Toman v. Park Castles Apartment Building Corp.*, 375 Ill. 293, 302, 31 N.E.2d 299:

> "It is a familiar rule that when a court has no jurisdiction of the subject matter, it cannot be conferred by consent, and when lack of jurisdiction appears the court should decline to proceed further in the cause. * * * Whether the question of jurisdiction was raised in the lower court is immaterial. There can be no waiver of jurisdiction of the subject matter where the trial court lacked jurisdiction to enter the order appealed from."

Neither does the court acquire jurisdiction by a mere recital in an order, which is contrary to what is shown in the record (*Koplin v. Thomas, Haab & Botts*, 73 Ill.App.2d 242, 219 N.E.2d 646) and, although there is a presumption in courts of general jurisdiction that the trial court

has jurisdiction (*Logsdon v. Nolen*, 108 Ill.App.2d 46, 248 N.E.2d 525), it applies only where the record is silent on the question. (*People ex rel. Carlstrom v. Shurtleff*, 355 Ill. 210, 189 N.E. 291.) Here, the complaint asserts the pendency of charges before the Police Board and, from other allegations therein, it appears clear that plaintiff's suspension and the charges filed with the Board were steps in the administrative process which would culminate in its decision. Under such circumstances, it is the general rule that administrative remedies should be exhausted before resort to the courts is had to challenge the administrative decisions. *Klaren; Oliver v. Civil Service Com.*, 80 Ill.App.2d 329, 224 N.E.2d 671.

In view thereof, we must ascertain whether the action of the superintendent in suspending and filing charges was a decision reviewable by the court. We note that article VI, section 9, of the Illinois Constitution (Ill. Const., art. VI, § 9) provides in part that "Circuit Courts shall have such power to review administrative action as provided by law." In this regard, the pertinent statutes are:

Section 2 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 265), which provides:

> "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof." (Footnote omitted.)

The Illinois Municipal Code, section 10—1—45 (Ill. Rev. Stat. 1973, ch. 24, par. 10—1—45), stating:

> "The provisions of the 'Administrative Review Act' approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of a Civil Service Commission, or of the Police Board of a city of more than 500,000 population. The term 'administrative decision' is defined as in Section 1 of said Administrative Review Act." (Footnotes omitted.)

And Section 1 of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264), which defines administrative decision as follows:

> "'Administrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency."

■■. The decision of the superintendent to suspend and to file charges with the Police Board did not terminate the proceedings and thus was not a final administrative decision. In view thereof and because plaintiff's administrative remedies were not exhausted (see *Klaren; Oliver*), we hold the suspension order of the superintendent here was not reviewable.

Furthermore, although one may challenge the constitutionality of a statute on its face, without prior resort to related administrative remedies (*People ex rel. Naughton v. Department of Public Aid*, 12 Ill.App.3d 43, 297 N.E.2d 784), plaintiff here does not so attack the statute involved. The due process and equal protection violations alleged in his complaint were not an attack on the validity of the statute; but, rather, an attack on its application and, as we have held above, must proceed through administrative channels.

We note parenthetically that in the recent case of *Kropel v. Conlisk*, 60 Ill.2d 17, 322 N.E.2d 793, the Illinois Supreme Court did uphold the constitutionality of the statute involved.

■■ Moreover, administrative due process requires only a definite charge, adequate notice, and a full and impartial hearing. (*Lavin v. Civil Service Com.*, 18 Ill.App.3d 982, 310 N.E.2d 858.) Here, it appears from plaintiff's complaint and his brief that he was fully informed of the charges and had notice of the fact that a date for their hearing had been set. Until such time as it appears that the hearing, when held, was inadequate, we are of the opinion that plaintiff's due process rights have not been violated.

■■ Furthermore, the record indicates that there have been no violations of his equal protection rights. In this respect, plaintiff alleges in his complaint that "on information and belief" his suspension was based "solely and only" on the fact that criminal charges have been placed against him, and he further alleges that other police officers against whom criminal charges had been placed were not suspended and, as a result, he was discriminated against. Assuming arguendo that the statute was unlawfully administered and that this resulted in unequal application to those who are entitled to be treated alike, it is not a denial of equal protection unless there is present an element of intentional or purposeful discrimination. (*Snowden v. Hughes*, 321 U.S. 1, 88 L.Ed. 497, 64 S.Ct. 397.) Here, the contention of plaintiff is based "on information and belief," and is unsupported by any evidence in the record. Neither is there anything in the record to indicate an element of intentional or purposeful discrimination.

We are cognizant that it has been the practice of some trial courts to review suspensions of police officers, because of due process problems resulting from the pre-*Kropel* interpretation of the statute that no review

was available for suspensions of less than 30 days or in the generally longer periods of suspension while awaiting the Police Board hearings. We believe that such due process problems no longer exist, because the Illinois Supreme Court, in *Kropel,* not only sustained the constitutionality of the statute which was attacked on due process grounds but also held, at page 25:

> "[T]he public policy of this state, regardless of any constitutional considerations, is that a disciplinary suspension of more than one week of scheduled working days cannot be levied without providing some means of review of the suspension."

And, at pages 26-27:

> "It is clear * * * that a major difference between a suspension for less than 30 days and a suspension for more than 30 days is that the latter requires a hearing before the sentence can be imposed. In effect, the department has the duty to go into a hearing and prove its case for suspension of more than 30 days. In the former instance, the burden is on the employee to seek review and establish why the suspension is unwarranted."

In view of the foregoing, there appearing no constitutional issue involved and because we have found that the court had no jurisdiction over the subject matter, we conclude that the order of reinstatement and restoration of plaintiff was improper (*Martin v. Bankers Life Company,* 358 Ill. 388, 193 N.E. 197), and that the trial court should not have proceeded further than to enter an order of dismissal. *Bradford Supply Co. v. Waite,* 392 Ill. 318, 64 N.E.2d 491; *People ex rel. Scott v. Janson,* 10 Ill.App.3d 787, 295 N.E.2d 140.

For the reasons stated, the judgment reinstating and restoring plaintiff to duty is reversed, and this cause is remanded with directions to vacate its order reinstating and restoring plaintiff to duty and to enter an order dismissing plaintiff's complaint.

Reversed and remanded with directions.

BARRETT, P. J., and LORENZ, J., concur.