MAX RUBIN, Plaintiff-Appellant, *v.* CITY NATIONAL BANK & TRUST CO., Trustee, *et al.*, Defendants-Appellees.

Second District    No. 79-41

Opinion filed March 11, 1980.—Rehearing denied April 16, 1980.

Max Rubin, of Rockford, for appellant, *pro se.*

Peter Alexander, of Martenson, Donohue & Alexander, of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting summary judgment in favor of defendants, City National Bank & Trust Co., Peter Alexander, and Forshay Moving & Storage Co. Plaintiff, Max Rubin, alleged in his second amended complaint that on September 8, 1975, he was evicted from the premises which he had been occupying. He also alleged that at the time of the eviction he was at the premises and was ready, willing and able to take his personal property as it was being removed from the premises, but that defendants "refused to allow the plaintiff to remove personal property or to gain access thereto, and wrongfully impounded same." He further alleged that at a later date, the property was wrongfully sold or destroyed by the defendants without notice to the plaintiff as required by law. Plaintiff seeks $25,000 in compensatory damages and $50,000 in punitive damages, plus costs from each defendant.

In their motion for summary judgment, the defendants asserted that

defendant Forshay moved some of plaintiff's personal belongings into storage on September 7, 1975, at the request of its co-defendants, as plaintiff had been served with a writ of restitution and had made no visible effort to remove his property from the premises. It was further alleged that plaintiff was aware of the name and address of the party moving the furniture and further that he had notice of the sale of the property, which was held approximately 19 months after the eviction to satisfy unpaid storage fees.

■■ The first issue is whether the trial court erred in granting the motion for summary judgment. Summary judgment may be granted when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57.) The court is to determine the existence or absence of a genuine issue as to any material fact from the affidavits, depositions, admissions, exhibits and pleadings in the case. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) In considering a motion for summary judgment, all inferences are resolved in favor of the respondent, and summary judgment will not be granted unless, viewing all the evidence most favorably to the respondent, there is no genuine issue of material fact. (*Patterson v. Stern* (1967), 88 Ill. App. 2d 399, 232 N.E.2d 7.) The right to judgment must be clear beyond question. (*Patterson v. Stern.*) A reviewing court may reverse an order granting summary judgment if it is determined that a genuine issue of material fact does exist. *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 468.

■■ In the present cause, plaintiff's sworn answer to the motion for summary judgment alleged that plaintiff was present on September 8, 1975, was ready, willing and able to take possession of his property, and that he attempted to do so, but was prevented from doing so by defendants Forshay and Alexander. Defendants, in their answer to the complaint, did deny these allegations, but their motion for summary judgment and attached exhibits fail to directly meet the above allegations of fact of the plaintiff. In their motion, defendants state only that the plaintiff did not move his personal belongings from the premises by the required date, that his belongings were removed pursuant to a writ of restitution and that plaintiff did not attempt to reclaim them for a number of months after they were moved to storage. We accordingly hold that there did exist a genuine issue of material fact, and the order entering summary judgment was accordingly improper.

■■ The second issue involves the propriety of the sale of plaintiff's property to pay storage charges. The controlling statute in regard to the enforcement of a warehouseman's lien is section 7—210 of the Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 7—210.) Subparagraph

(2)(b) of section 7—210 specifically provides that notice of the warehouse-man's lien must be delivered in person or be sent by registered or certified letter to the last known address of any person entitled to be notified; subparagraph (2)(c) of section 7—210 further provides that notification must include a demand for payment to be made within a specified time not less than 10 days after receipt of the notification. The record shows that defendant Forshay did not notify plaintiff by personal delivery or by registered or certified letter sent to plaintiff's last known address. It merely published notice of the sale in a Rockford newspaper on two separate occasions, and the property was apparently sold 9 days after the second publication date. Defendant Alexander did send plaintiff a letter which was served by the sheriff and which informed plaintiff of the pending sale; however, it was not delivered to plaintiff until the day before the sale. While the record does provide indications that plaintiff had actual notice of the sale prior to its occurrence, it is apparent that the notice was defective under the terms of section 7—210, and the subsequent sale of plaintiff's property was therefore improper.

■ An additional consideration regarding the propriety of the sale is that a warehouseman's lien on household goods for storage, transportation, and related charges, is effective against all persons if the depositor was the legal possessor of the goods at the time of delivery to the warehouse. (Ill. Rev. Stat. 1977, ch. 26, par. 7—209(3)(b).) Therefore, if defendant Forshay is to have a valid lien against all persons, including plaintiff, the depositor (Peter Alexander on behalf of City National Bank & Trust Co.) must have been the legal possessor of the goods at the time of the deposit.

In *Kunde v. Biddle* (1976), 41 Ill. App. 3d 223, 353 N.E.2d 410, several plaintiffs brought conversion actions against the operator of a towing company. In each case plaintiffs had wrongfully parked in private parking lots, and at the request of the owner, the defendant had towed the cars. Plaintiffs attempted to recover their automobiles from the defendant, but defendant would not release the cars until he had received, in cash, the towing and storage charges from the plaintiffs. Defendant contended that he had acquired a statutory lien for towing and storage charges pursuant to Ill. Rev. Stat. 1977, ch. 82, pars. 40, 47a. Paragraph 47a in particular provides for a lien when labor, services, skill or material is expended or storage is furnished for a chattel "at the request of its owner, authorized agent of the owner, or lawful possessor thereof." Defendant contended that the owners of the parking lots were the lawful possessors of the vehicles in question and he acted at their request. The Fourth District found that no lien existed, as the lot owners were not the lawful possessors of the vehicles although they did have the right to have the automobiles removed from their property. In a similar case, the First

District, citing *Kunde*, found that defendant Lincoln Towing did not have a valid lien on the vehicles it towed and that its refusal to return them to the owners until the towing and storage charge was paid could be found to be an act of conversion. *People ex rel. Carey v. Lincoln Towing Service, Inc.* (1977), 54 Ill. App. 3d 61, 369 N.E.2d 94.

Subsequent to the *Kunde* and *Lincoln Towing* cases, the legislature amended paragraph 47a of chapter 82. The amendment provides that for the purpose of that act, a person consents to removal of his vehicle by towing when he parks without authority on private property with notice that unauthorized vehicles will be towed at the vehicle owner's expense. There is no similar provision in section 7—209 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 7—209) or in the forcible entry and detainer statute.

We conclude that the analysis of the *Kunde* and *Lincoln Towing* cases is valid and applicable to the present cause. Defendant City National Bank & Trust Co., as trustee of the premises, did have a right to have plaintiff and his personal property removed from the premises. However, in its act of placing plaintiff's property in storage, arguably over plaintiff's objection, it was not the legal possessor of the property which was deposited. Therefore, defendant Forshay depended upon a nonexistent lien for the sale of the goods.

For the foregoing reasons, the order of the circuit court entering judgment for defendants is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.