BRENDA Y. FRYISON, Plaintiff-Appellee, *v.* CHRISTINE McGEE, Defendant-Appellant.

First District (2nd Division)    No. 81-1032

Opinion filed April 27, 1982.

John F. Kneafsey, of Chicago, for appellant.

Thomas J. Shannon, of Chicago, for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Brenda Y. Fryison (Fryison), sued to compel defendant, Christine McGee (McGee), to convey certain property to her pursuant to their contract for the sale of real estate. After defendant answered, Fryison moved for summary judgment. The trial court entered summary judgment in favor of plaintiff and ordered that the closing on the contract take place within 120 days from the date of the entry of the judgment. Defendant appeals from that judgment raising the following issues for our review: (1) whether defendant's failure to file counteraffidavits in opposition to the motion for summary judgment resulted in the absence of any genuine issue of material fact; (2) whether the trial court's order setting the closing date for 120 days after the date of the order was proper.

On November 21, 1979, plaintiff sued to enforce a contract for the sale of real estate between herself and defendant. Plaintiff alleged that she complied with all the terms of that contract and that she was at all times ready, willing and able to perform her part of the contract. Defendant filed a verified answer denying all of the material allegations of the complaint. On November 26, 1979, plaintiff moved for summary judgment and filed affidavits in support of her motion. In her affidavits plaintiff asserted that there was a valid contract between the parties for the sale of real estate; that she complied with the terms of the contract; that she secured a mortgage commitment; that the mortgage commitment was contingent on the completion of certain repairs; that she hired a contractor to make the repairs; that defendant refused to give the contractor access to certain areas of the building thereby preventing him from making the repairs; that she paid the contractor and obtained a waiver and release from him; and that she was at all times ready, willing and able to proceed to a closing on the contract. Plaintiff also filed affidavits of her contractor and real estate agent which corroborated her statements. In her response to plaintiff's motion for summary judgment, defendant did not file counteraffidavits but relied on her verified answer to contravert plaintiff's affidavit.

The trial court entered an order for summary judgment in favor of plaintiff and because plaintiff's mortgage commitment lapsed while the suit was pending, the trial court ordered "that closing shall take place within 120 days after the date of this order."

For the reasons hereinafter stated we reverse the judgment of the trial court.

Defendant contends that it was error for the trial court to enter summary judgment because genuine issues of material fact were presented by the pleadings and documentary evidence that were unresolved by the affidavits. Plaintiff argues that defendant's failure to controvert the facts alleged in her affidavits by means of a counteraffidavit resulted in the absence of any genuine issue of material fact.

■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) provides that summary judgment will be rendered under the following circumstances:

"\* \* \* if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

Here defendant filed no counteraffidavits in response to the motion for summary judgment. Under these circumstances facts contained in the affidavits in support of a motion for summary judgment are admitted and must be taken as true. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) A verified answer to the complaint does not substitute for specific affidavits in a summary judgment proceeding. (*Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 356 N.E.2d 852; *Pekin Memorial Hospital v. Schilling* (1970), 121 Ill. App. 2d 473, 257 N.E.2d 124; Laycock, *Dispositive Pre-Trial Motions in Illinois*, 9 Loy. Chi. L.J. 823, 841-42 (1978).) Defendant's verified answer, however, can be considered for the purpose of determining what issues are raised by the controversy. (*Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 343 N.E.2d 544.) It is established that even though the party opposing the motion for summary judgment fails to file counteraffidavits, the moving party is not entitled to summary judgment unless the affidavits filed in support of the motion establish, as a matter of law, her right to the judgment. (*Spancrete of Illinois, Inc. v. Brickman* (1979), 69 Ill. App. 3d 571, 576, 388 N.E.2d 47; *Ohio Coal Co. v. Yacktman.*) In determining whether a genuine issue of material fact exists, the court has the duty to consider the entire record and to construe the evidence strictly against the moving party and liberally in favor of the opponent. *Spancrete of Illinois, Inc. v. Brickman; Lewis v. Illinois Institute of Technology* (1977), 50 Ill. App. 3d 418, 365 N.E.2d 1079.

In the instant case the pleadings raise the issue whether plaintiff complied with all of the material terms of the contract. The contract provided, *inter alia*, that closing would take place 10 days after plaintiff notified defendant that plaintiff had obtained a firm mortgage commitment. Although plaintiff did not receive a firm mortgage commitment, she did obtain a mortgage commitment contingent upon the completion of certain repairs. Plaintiff hired a contractor to make the repairs, but defendant refused to permit the workmen into the building. On appeal,

plaintiff maintains that her receipt of a contingent mortgage commitment and her good faith effort to make those repairs satisfied her contractual obligations requiring her to obtain a firm mortgage commitment. Plaintiff also argues that defendant's knowledge of the attempt by the workmen to enter her building constituted constructive notice to defendant that plaintiff was ready to close. Defendant argues that under the contract she was not required to allow workmen on to her property to make repairs. She maintains that before she would allow any workmen into the building to make repairs, she would need additional liability insurance to protect her in the event one of the workmen was injured while on her property. Defendant contends that absent some express agreement in the contract which provides for the payment for such insurance, the contract did not require her to allow the workmen into her building. Defendant also argues that plaintiff did not give her adequate notice that plaintiff was prepared to consummate the contract.

■■ The purpose of a motion for summary judgment is to determine the existence or absence of triable issues of fact, not to try them. (*Diomar v. Landmark Associates* (1980), 81 Ill. App. 3d 1135, 401 N.E.2d 1287.) The record discloses that plaintiff never received a firm mortgage commitment nor did she expressly notify defendant that she was ready to close as required by the contract. Under these circumstances, we cannot say that plaintiff's right to judgment was free from doubt. Based upon our examination of the record in this case, we conclude a genuine issue of material fact exists as to whether plaintiff has complied with all of the material provisions of the agreement.

It is well settled that one seeking to recover on a contract must allege and prove that she has substantially complied with all of the material terms of that contract (*Spancrete of Illinois v. Brickman*; *George F. Mueller & Sons, Inc. v. Northern Illinois Gas Co.* (1975), 32 Ill. App. 3d 249, 336 N.E.2d 185). Here, plaintiff has not done so; accordingly, she has failed to establish her right to summary judgment as a matter of law. Therefore we believe summary judgment was inappropriate in this case.

In light of our disposition of the foregoing issue, it is unnecessary for us to reach the merits of the issue whether the trial court's order setting the closing date for 120 days after the date of the order was proper. For the reasons hereinabove stated, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with our determination herein.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.