GEORGE E. LOMBARD *et al.*, Plaintiffs-Appellees and Counterdefendants-Appellants, v. ELBERT F. ELMORE, Defendant-Appellant and Counter-plaintiff-Appellee.

First District (5th Division)   Nos. 83—0444, 83—1518 cons.

Opinion filed July 5, 1985.

899

SULLIVAN, J., dissenting.

Joseph J. DeMichael and Marcia L. Clegg, both of Elmore, Gowen & De-Michael, P.C., of Midlothian, for Elbert F. Elmore.

Arent J. Jacobson, of Chicago, and Francis W. Gulbranson, of Prairie View, for George E. Lombard and Michael A. Lombard.

JUSTICE PINCHAM delivered the opinion of the court:

Defendant, Elbert F. Elmore, appeals from a $40,000 summary judgment entered in favor of plaintiffs, George E. Lombard and Michael A. Lombard. Defendant also appeals from the trial court's order which dismissed count I of his counterclaim. Plaintiffs appeal from a $46,750 jury verdict and judgment against them on defendant Elbert F. Elmore's counterclaim. The facts out of which the controversies arose follow.

On October 1, 1973, George E. Lombard, Michael A. Lombard, Elbert F. Elmore, Vincent Page and Gerald Heinz (who are not parties to this action), executed a partnership agreement, PEL-79. By the terms of this partnership agreement, the partners were to operate a motel and banquet facility in Burbank, known as Cez'ars Inn. While the partnership agreement, PEL-79, was in full force, George E. Lombard and Michael A. Lombard also owned the Lombard Construction Company. The Lombard Construction Company contracted with the partnership, PEL-79, to renovate the partnership's newly ac-

quired motel, Cez'ars Inn.

In December 1974, the plaintiffs and the defendant executed an agreement wherein plaintiffs assigned their interest in the partnership agreement, PEL-79, to the defendant. Under the terms of this agreement each plaintiff received a $20,000 promissory note from the defendant. The agreement further provided that each plaintiff would be indemnified and held harmless for any liabilities arising out of the operation of PEL-79. The agreement also provided that PEL-79 was to pay the Lombard Construction Company an outstanding balance of approximately $34,000 for work performed and in progress on the motel.

Plaintiffs filed this action against the defendant and alleged that defendant was liable on the two promissory notes. Defendant answered that plaintiffs, as owners of the Lombard Construction Company, failed to perform their agreement to renovate the motel and that defendant was therefore entitled to a set-off against plaintiffs on the promissory notes. Defendant also filed a three-count counterclaim. Count I of the counterclaim alleged that the counterdefendants (Lombards) deliberately understated the partnership liability when negotiating the partnership agreement, PEL-79, *i.e.*, the Lombards represented the partnership liability to be $41,848.16, when in fact, defendant asserted, the true partnership liability was $116,699.61. Defendant also asserted in his counterclaim that he paid the difference of these amounts and that the Lombards, counterdefendants, were liable to him for this difference.

Count II of the counterclaim asserted that pursuant to the terms of the partnership agreement, PEL-79 was to pay the Lombard Construction Company an outstanding balance of $34,000 for the renovation of the motel, that the $34,000 balance was also a deliberate misrepresentation, that the correct amount due was $48,116.88, that Elmore paid the correct amount in full and that the Lombards were liable to Elmore for that amount.

Count III of the counterclaim alleged that under the terms of the partnership agreement, PEL-79, the Lombards, via the Lombard Construction Company, were to renovate the motel Cez'ars Inn, that the Lombards failed to do so, that Elmore was compelled to have the renovation done at a cost of $59,584.26, and that the Lombards were liable to Elmore for that amount.

The Lombards filed a motion to dismiss Elmore's counterclaim on the ground that under the terms of the assignment agreement between the Lombards and Elmore, the Lombards were indemnified against the claims of the counterclaim. The trial court granted the

Lombards' motion to dismiss count I, but denied their motion to dismiss counts II and III of the counterclaim.

The trial court granted the Lombards' motion for summary judgment in their cause of action on the promissory notes against Elmore in the amount of $40,000. Counts II and III of Elmore's counterclaim were tried by jury, which found for Elmore in the amount of $46,750, on which judgment was entered. On December 14, 1982, the trial court also entered judgment on the jury's verdict of $46,750 in favor of Elmore *nunc pro tunc* as of December 6, 1982, and ordered that "all matters are stayed until further order of court." On January 20, 1983, the court allowed Elmore's motion to amend count III of his counterclaim to conform to the proof, but denied Elmore's motion to vacate the summary judgment entered in favor of the Lombards.

Elmore contends that the trial court erred in granting the Lombards' motion for summary judgment on the two promissory notes for the reason that material facts raised by Elmore's pleadings and affidavit controverted the Lombards' claim on the notes. The Lombards' motion and supporting affidavit for summary judgment asserted that they were holders of the notes, that Elmore was the maker and that Elmore had failed to make payment on the notes when due.

■ A motion for summary judgment may be granted when the pleadings, depositions and affidavits reveal that there is no genuine factual dispute or controversy and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c); *Kroll v. Sugar Supply Corp.* (1983), 116 Ill. App. 3d 969, 975, 452 N.E.2d 649; *Marquette National Bank v. Heritage Pullman Bank & Trust Co.* (1982), 109 Ill. App. 3d 532, 534-35, 440 N.E.2d 1033.) When ruling on a summary judgment motion, the trial court is duty bound to consider the entire record. (*Fryison v. McGee* (1982), 106 Ill. App. 3d 537, 539, 436 N.E.2d 12; *Spancrete of Illinois, Inc. v. Brickman* (1979), 69 Ill. App. 3d 571, 576, 388 N.E.2d 47.) In determining whether a genuine factual dispute or controversy exists which would preclude granting summary judgment, the trial court is to consider the facts presented in a light most favorable to the nonmovant and to accept the reasonable inferences therefrom. *Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 459, 417 N.E.2d 621; *Van C. Argiris & Co. v. Anwest Building Corp.* (1980), 91 Ill. App. 3d 836, 841, 414 N.E.2d 1256.

■ Our view of the record in this case convinces us that the trial court erred in granting summary judgment in favor of the plaintiffs. A genuine factual dispute existed. Plaintiffs' motion and supporting affidavit asserted that plaintiffs were holders of the promissory notes

and that the defendant failed to make payment when the notes became due. Defendant's answer and affirmative defense alleged that defendant was entitled to a setoff against the promissory notes and that the defendant was further entitled to recoupment of monies expended by defendant as a result of the plaintiffs' breach of the assignment agreement. Defendant asserted that plaintiffs failed to complete the renovation of Cez'ars Inn and as a consequence defendant expended $50,000 to $60,000 to complete the renovation.

The defendant also filed a counterclaim which alleged that plaintiffs breached the assignment agreement by failing to complete renovation of the motel, that the promissory notes were executed as a part of the assignment agreement, and that the plaintiffs understated the amount of money owed the Lombard Construction Company for renovation work on the motel. Defendant charged further that he was compelled to pay the Lombard Construction Company an amount of money in excess of that amount stated in the agreement. (It should be here noted that the jury found in favor of the defendant on this counterclaim.)

In further opposition to plaintiffs' motion for summary judgment on the two promissory notes, defendant additionally submitted to the trial court affidavits and copies of the beforementioned agreements and various correspondence between plaintiffs and defendant. Our view of the pleadings, affidavits and supporting documents compels the conclusion that there were genuine controverted and disputed facts, of which defendant may have had a valid defense to plaintiffs' cause of action on the promissory notes. Whether defendant was entitled to a setoff against plaintiffs on the notes, whether plaintiffs had understated the amount due the Lombard Construction Company, whether plaintiffs had breached the agreement to repair the motel and the amount expended by defendant to make such repairs, were factual controversies to be resolved by a jury. Accordingly, the trial court erred in granting plaintiffs' motion for summary judgment. *Lyons v. Lyons* (1972), 6 Ill. App. 3d 692, 694, 286 N.E.2d 124; *Bogdan v. Ausema* (1962), 33 Ill. App. 2d 294, 301, 179 N.E.2d 401.

■■ Moreover, the trial court erred when it denied the defendant's request to file a supplemental affidavit in further opposition to plaintiffs' motion for summary judgment. The trial court's denial of the defendant's request to file his supplemental affidavit contravenes section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c)), which provides that a party may file counteraffidavits prior to or at the time of hearing of the motion for summary judgment. The record shows that the trial court refused to allow

defendant to file the supplemental affidavit because defendant failed to give notice to plaintiffs of his intent to file the supplemental affidavit. This reason for denying defendant's request to file his supplemental affidavit was legally untenable.

The trial court's reasons as set forth in its opinion and order does not support the award of summary judgment. The order and opinion fail to address the documentary evidence which the court had a duty to review in ruling on the motion for summary judgment. (*Crist v. Debron Corp.* (1981), 96 Ill. App. 3d 668, 672, 421 N.E.2d 997; *Rubin v. City National Bank & Trust Co.* (1980), 81 Ill. App. 3d 1020, 1022, 402 N.E.2d 281.) Instead, the court focused on the oral representations of defendant's counsel at the motion hearing. The court also relied on disputed accounting procedures and contract interpretations which reveal that genuine issues of material fact existed on those issues, which properly should have been decided by a jury. For these reasons, the trial court's award of summary judgment in the amount of $40,000 in favor of plaintiffs and against defendant must be reversed.

Defendant next contends that the trial court abused its discretion when it denied his motion to reconsider and vacate the summary judgment. Because we reverse the trial court's order of summary judgment, we need not address this contention.

■ Next, defendant asserts that the trial court's dismissal of count I of his counterclaim was error. Count I alleged that the plaintiffs were liable to defendant for their proportionate share of the understated partnership debt when defendant purchased plaintiffs' interests in the partnership. Defendant further alleged that plaintiffs were liable because they understated the partnership's accounts payable, as shown on a balance sheet, that was used to determine the value of plaintiffs' partnership interests, and that as a result of the understatement, the value of plaintiffs' interests was less than what was represented.

Plaintiffs filed a motion to dismiss defendant's counterclaim in its entirety. The motion stated that from the counterclaim it appeared that the claims set forth therein had been released by the "indemnity agreement" executed by the parties. The trial court granted plaintiffs' motion to dismiss count I of defendant's counterclaim.

A motion to dismiss admits all facts that are well pleaded. A cause of action should not be dismissed on the pleadings unless it is clear that the party is not entitled to relief. (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 709-10, 425 N.E.2d 1174; *Patton v. T.O.F.C., Inc.* (1979), 79 Ill. App. 3d 94, 98, 398 N.E.2d 313.) Where a

pleading raises a genuine and material issue of fact the trial court should deny the motion. *Gutierrez v. Schultz* (1982), 109 Ill. App. 3d 372, 378, 440 N.E.2d 451; *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114, 387 N.E.2d 878.

■ Count I of defendant's counterclaim raised genuine issues of material fact which should have been decided by a jury. The determination of whether there was an understatement of the partnership's liabilities and whether the defendant reasonably relied on the alleged understatement to his detriment were questions of fact, which, if decided in the defendant's favor, would have entitled him to relief.

■ The trial court also erred when it prevented the defendant from meeting his burden of proof to withstand plaintiffs' motion to dismiss count I of defendant's counterclaim. The defendant had the burden of proving the defenses on which he relied in opposition to plaintiffs' motion to dismiss. (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114, 387 N.E.2d 878; *Stockton v. Mendoza* (1977), 46 Ill. App. 3d 108, 110, 360 N.E.2d 561.) In this case, where the motion to dismiss was based on a release or covenant, valid on its face, the burden was on the defendant to sufficiently allege and prove the existence of a material issue of fact which would invalidate the agreement or establish a defense thereto. *McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 466, 455 N.E.2d 103; *McComb v. Seestadt* (1981), 93 Ill. App. 3d 705, 706, 417 N.E.2d 705.

Plaintiffs' motion to dismiss count I was supported by copies of the assignment agreement as well as the indemnity agreement executed by the respective parties. Upon presentation of the plaintiffs' motion to dismiss with supporting documents, the burden of proof shifted to the defendant to establish the existence of facts which would invalidate the release agreement or establish a defense thereto.

The record shows, however, that the trial court failed to consider all of the relevant facts and documents in arriving at its decision that there were no genuine and material questions of fact which would invalidate the release agreement. We thus conclude that the trial court's summary rejection and dismissal of count I of defendant's counterclaim was error. *Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 599, 283 N.E.2d 492.

As heretofore pointed out, on December 6, 1982, the jury returned a verdict in the amount of $46,750 in favor of defendant on the remaining counts of his counterclaim. The trial court entered judgment on that verdict on December 14, 1982. Plaintiffs appealed. Defendant then filed a motion in this court to dismiss plaintiffs' appeal contending, "[T]he court does not have jurisdiction to hear the

appeal from the jury verdict of December 6, 1982 *** because *** plaintiffs failed to timely file their post-trial motions as required by section 2—1202(c) of the Illinois Code of Civil Procedure, Ill. Rev. Stat. (1981), ch. 110, sec. 2—1202(c)."

▪ This court has a duty to determine whether it has jurisdiction on appeal prior to deciding the issues presented. (*Village of Mundelein v. Aaron* (1983), 112 Ill. App. 3d 134, 135, 445 N.E.2d 57; *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 1107, 1109, 403 N.E.2d 704; *Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 697, 393 N.E.2d 712.) Where jurisdiction is found lacking, this court must decline to review the merits of the appeal. *People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill. App. 3d 517, 523, 461 N.E.2d 505.

There were multiple parties and multiple claims for relief involved in the instant case before the trial court. Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) provides in pertinent part:

"(a) If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

The trial court entered a final judgment in favor of defendant. The judgment stated:

"Judgment Order In Favor Of Elbert F. Elmore And Against George E. Lombard And Michael A. Lombard

This cause coming on to be heard on the trial hereof, the jury having heard the testimony of the witnesses and having considered the exhibits admitted into evidence as well as having been instructed by the court as to the applicable law; and the jury having rendered a verdict on December 6, 1982 after deliberations, in favor of Elbert F. Elmore (Defendant and Counter-Plaintiff) and against George E. Lombard and Michael A. Lombard (Plaintiffs and Counter-Defendants) in the sum of FORTY SIX THOUSAND SEVEN HUNDRED FIFTY AND NO/100 ($46,750.00) DOLLARS; and the court having duly entered judgment on the verdict.

It is hereby ordered that judgment on the verdict be and hereby is entered in favor of Elbert F. Elmore (Defendant and Counter-Plaintiff) and against George E. Lombard and Michael A. Lombard (Plaintiffs and Counter-Defendants) in the sum of

FORTY SIX THOUSAND SEVEN HUNDRED FIFTY AND NO/100 ($46,750.00) DOLLARS plus costs. It is further ordered that this order is entered *nunc pro tunc* December 6, 1982 and that this order is a final and appealable order, there being no just cause to delay enforcement or appeal hereof."

■ Defendant contends that the judgment was a final and appealable order and that according to section 2—1202(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1202(c)), plaintiffs were required to file their post-trial motion "within 30 days after the entry of [the] judgment *** or within any further time the court may allow within the 30 days or any extensions thereof." Defendant argues that plaintiffs "failed and neglected to file a post-trial motion until February 17, 1983. Said motion was filed more than 30 days after the judgment of the trial court became final and appealable, and was not timely filed. ***. [B]ecause there was no timely post-trial motion filed in the trial court proceedings the Appellate Court did not acquire jurisdiction to hear this appeal." We do not agree. The filing of a post-trial motion is not jurisdictional. (87 Ill. 2d R. 301).) However, this does not resolve the jurisdictional question in this case.

Supreme Court Rule 303(a) (87 Ill. 2d R. 303(a)) provides:

"[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion."

The filing of a notice of appeal is jurisdictional. *Allabastro v. Wheaton National Bank* (1980), 91 Ill. App. 3d 222, 224, 414 N.E.2d 537.

The foregoing counterclaim judgment from which plaintiffs appeal was entered on December 14, 1982. That judgment states, "[T]his order is a final and appealable order, there being no just cause to delay enforcement or appeal hereof." Section 2—1202(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1202(c)) provides:

"Post-trial motions must be filed within 30 days after the entry of judgment *** or within any further time the Court may allow within the 30 days or any extensions thereof."

Thus, plaintiffs were required to file their notice of appeal within 30 days from December 14, 1982, or within 30 days after disposal of plaintiffs' timely filed post-trial motion. Plaintiffs' post-trial motion was not filed within 30 days after entry of the final judgment appealed from, nor was it filed "within any further time the court allowed within the 30 days or any extension thereof." Plaintiffs' post-

trial motion was filed on February 17, 1983. In the absence of an untimely filed post-trial motion, plaintiffs were required to file their notice of appeal from the final appealable judgment within 30 days from December 14, 1982, *i.e.*, on or before January 13, 1983.

On the same day, December 14, 1982, that the court entered the foregoing judgment, the court entered the following order which was drafted by plaintiffs' attorney:

"This cause coming on to be heard on motion of [Elmore] to file amended Count III of [his] Counterclaim to conform to proof and present motion to reconsider Summary Judgment on Notes, it is ordered that all matters are stayed until further order of Court and plaintiffs [Lombards] *** are given until January 4, 1983 to respond to motions and [Elmore is] *** given until January 14, 1983 to answer and this matter is set for hearing on January 20, 1983."

Plaintiffs point out that this order (1) stayed all matters until further order of court; (2) granted defendant leave to file an amended count III of his counterclaim to conform to the proofs; and (3) continued the hearing until January 20, 1983. Plaintiffs further point out that the trial judge on January 20, 1983, denied defendant's motion to vacate the summary judgment. Plaintiffs further posit that:

"On February 17, 1983, within the thirty days of the final appealable order of January 20, 1983, post-trial motions were filed on behalf of Michael A. Lombard and George E. Lombard. On February 18, 1983, an order was entered giving George E. Lombard and Michael A. Lombard until February 25, 1983 to file an amended post-trial motion. On February 25, 1983, an order was entered granting leave to file an amended post-trial motion and a motion to vacate the order granting counterplaintiff leave to file the countercomplaint. [O]n April 22, 1983, the court found that it did have jurisdiction to hear the post-trial motions and continued all matters to May 31, 1983. On May 31, 1983, the trial court entered an order denying the post-trial motion of George E. Lombard and Michael A. Lombard. Notice of appeal was filed on behalf of George E. Lombard and Michael A. Lombard on June 28, 1983.
* * *

The order of December 14, 1982 staying all matters until further order of court was clearly an extension of the time for leave to file the post-trial motion. The trial court intended to, and did, retain jurisdiction over all matters. Any question that the order of December 14, 1982 was intended to be an exten-

sion of time to file a post-trial motion was clearly resolved in the order of April 22, 1983, at which time the court expressly found that it had jurisdiction ***."

■ We do not agree. First, a trial court's express finding that it has jurisdiction does not confer jurisdiction. (*Hill v. Daley* (1975), 28 Ill. App. 3d 202, 204, 328 N.E.2d 142.) Second, a trial court's intent to retain jurisdiction does not confer jurisdiction. Third, "the order of December 14, 1982 staying all matters until further order of court" did not extend the time to file a post-trial motion against the defendant's judgment entered on the jury's verdict. The judgment expressly stated that it was "a final and appealable order there being no just cause to delay enforcement or appeal hereof." The order that "all matters are stayed until further order of court" obviously does not refer to the judgment. Rather, the stay order refers to the issues set forth in the stay order, namely, defendant's motions to file an amended count III of his counterclaim to conform to proof and for reconsideration of the summary judgment entered in favor of plaintiffs and against defendant on the two promissory notes.

It would be unreasonable for the trial court to enter a judgment which expressly provides that it is "a final and appealable order" and that there was "no just cause to delay enforcement or appeal," and then provide in another order that execution or appeal of that judgment be stayed. The stay order did not apply to the final appealable judgment entered December 14, 1982, on the jury's verdict against the plaintiffs in favor of defendant. Accordingly, plaintiffs' notice of appeal from this judgment, filed on June 28, 1983, was not timely filed. Therefore, this court lacks jurisdiction over plaintiffs' appeal. Consequently, their appeal is dismissed.

Defendant next contends that the filing of his notice of appeal on February 17, 1983, from the court's denial of his motion to vacate the summary judgment against him on plaintiffs' cause of action on these two promissory notes, divested the trial court of jurisdiction to subsequently entertain plaintiffs' post-trial motions against the jury's verdict and judgment in favor of defendant Elmore and count III of Elmore's counterclaim. Because of our dismissal of plaintiffs' appeal from the judgment on the jury's verdict in favor of defendant, we need not decide the contention raised by defendant Elmore.

The summary judgment of $40,000 against defendant in favor of plaintiffs (Lombards) on the two promissory notes is reversed. The trial court's order denying defendant's (Elmore) motion for leave to file a supplemental affidavit in opposition to plaintiffs' (Lombards) motion for summary judgment is vacated. The trial court's order dis-

missing count I of defendant Elmore's counterclaim is vacated.

The judgment of $46,750 entered on the plaintiffs' verdict in favor of defendant (Elmore) against plaintiffs (Lombards) on Elmore's counterclaim is affirmed and plaintiffs' (Lombards) appeal from said judgment is dismissed.

The cause is remanded for further proceedings consistent with the views expressed herein.

Affirmed in part, reversed in part and remanded for further proceedings.

MEJDA, P.J., concurs.

JUSTICE SULLIVAN, dissenting:

I concur with the majority as to our lack of jurisdiction to consider plaintiffs' appeal from the judgment entered against them on defendants' counterclaim. In the absence of a timely post-trial motion a notice of appeal must be filed within 30 days after the date of judgment (87 Ill. 2d R. 303(a)), unless an extension of time to file the notice of appeal is granted pursuant to that rule. Here, since no post-trial motion was filed and no extension of time within which to file a notice of appeal was granted or requested, the notice of appeal filed herein was not timely.

I disagree, however, with the majority opinion insofar as it reverses the summary judgment for plaintiff against defendant Elmore. While, as found by the majority, there existed questions of fact raised by defendants in their affirmative defense which should have precluded summary judgment as to defendants Page and Heinz, in view of our dismissal of the appeal from the judgment for Elmore on his counterclaim, the questions of fact raised by this affirmative defense no longer exist as to him.

Defendants admit that the note on which plaintiffs' complaint is grounded is unpaid, but they assert in their affirmative defense that in executing it they relied upon representations by defendant that certain renovation work had been completed on Cez'ars Inn when, in fact, it had not and they sought a setoff and recoupment "of any and all monies expended as a result of the failure of plaintiff to adequately perform the work contemplated in renovating Cez'ars, Inn." The record discloses and it was admitted by defense counsel on oral argument that in count III of his counterclaim, defendant Elmore sought a recovery of his share of these same expenses and was awarded damages therefor by the jury. The appeal of the judgment entered on that

verdict having been dismissed by us, there then was no longer any question of fact as to whether Elmore was entitled to recover for the expenses incurred in completing the renovation work and, thus, the summary judgment against him should be affirmed.

I would affirm the entry of summary judgment for plaintiffs against defendant Elbert F. Elmore.